(No. 76416.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. LLOYD WAYNE HAMPTON, Appellant.

*Opinion filed March 23, 1995.—Rehearing denied May 30, 1995.*

Lloyd Wayne Hampton, of Menard, appellant *pro se.*

Roland W. Burris, Attorney General, of Springfield, and William Haine, State's Attorney, of Edwardsville (Richard M. Rybak, Assistant State's Attorney, of Edwardsville, and Rosalyn B. Kaplan, Solicitor General, and Arleen C. Anderson and Steven J. Zick, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE MILLER delivered the opinion of the court:

The defendant, Lloyd Wayne Hampton, appeals from an order of the circuit court of Madison County dismissing his petition for post-conviction relief. In his post-conviction petition, the defendant requested vacatur of his guilty plea and sentence. Because the defendant was sentenced to death for the underlying murder conviction, he appeals directly to this court. 134 Ill. 2d R. 651(a).

Our prior opinion in this case contains a detailed recitation of the facts. (*People v. Hampton* (1992), 149 Ill. 2d 71.) We repeat only those facts germane to the issues in the post-conviction petition.

On February 9, 1990, Lloyd Hampton was arrested on charges unrelated to this murder conviction. At the time of his arrest, defendant was driving a car registered to Roy E. Pendleton, who later the same day was found murdered. Defendant confessed to killing Pendleton, and made a videotaped statement detailing his commission of the crime. In May 1990, the defendant pleaded guilty to murder and other charges related to the

Pendleton killing. Before the State's recitation of the factual basis for the guilty plea, the trial judge advised the defendant that the State was seeking the death penalty. The judge repeatedly questioned the defendant regarding the voluntariness of his plea and his understanding of the consequences of his plea. It is uncontested that at the guilty plea hearing the judge did not admonish the defendant that if defendant did not receive the death penalty and the State sought sentencing under the habitual criminal statute, he could under certain circumstances be sentenced to natural life imprisonment. (Ill. Rev. Stat. 1989, ch. 38, par. 33B—1.) The trial judge accepted defendant's guilty plea, and ordered a presentence report.

Following the guilty plea, defendant waived his right to a jury and chose to proceed with a sentencing hearing before the judge without a jury. At the conclusion of the eligibility phase of the sentencing hearing, the judge found the State had proven beyond a reasonable doubt that the defendant was 18 years of age or older and was eligible for the death penalty pursuant to the murder-in-course-of-felony aggravating circumstance found in section 9—1(b)(6) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(b)(6)).

The judge then commenced the aggravation and mitigation phase of the sentencing hearing. Over defense objection, the court admitted into evidence certified copies of defendant's prior convictions. The certified copies indicated that the defendant had prior convictions for theft, robbery, escape, and assault with a deadly weapon. At the State's request, the court also took judicial notice of matters presented in the guilty plea hearing and matters in evidence at the eligibility phase of the death penalty hearing. Additionally, the court took judicial notice of the information contained in the presentence report, specifically the defendant's history of delin-

quency and criminality and defendant's statements to the interviewer.

The defense chose not to present any evidence in mitigation, but the defendant made a statement, noting that, should he be sentenced to death, he wanted no appeals beyond those required by State law. The trial court found no mitigating factors sufficient to preclude a sentence of death, and the defendant was sentenced to death. On direct appeal, this court affirmed defendant's convictions and death sentence. *People v. Hampton* (1992), 149 Ill. 2d 71.

Following this court's decision on direct appeal, defendant moved to waive all further appeals on his behalf. We remanded defendant's case to the trial court for a determination of his mental competency to make such a waiver. In September 1992, we held that the defendant was competent to waive further appeals. The date for defendant's execution was set for November 11, 1992.

Despite his earlier motion to ban appeals, the defendant then initiated the present action under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*). At defendant's request, this court granted a stay of execution. The defendant filed a post-conviction petition in the circuit court of Madison County claiming he was denied due process of law and effective assistance of counsel. Defendant argued that he was denied due process of law because his guilty plea was not voluntarily entered. Defendant claimed his plea was not knowingly, and therefore not voluntarily, entered because the trial judge did not admonish him that if he was not sentenced to death, he could, under certain circumstances, be sentenced to a mandatory life sentence under the habitual criminal statute. Defendant also argued that he was denied effective assistance of counsel because trial counsel failed to advise him

that if he was not sentenced to death it was possible that he could be sentenced to life in prison under the habitual criminal statute. Defendant also claimed his trial counsel was ineffective because he failed to move to vacate the guilty plea on grounds of the judge's allegedly inadequate admonition. Finally, defendant challenged the constitutionality of the Illinois death penalty statute.

The State moved for dismissal of the defendant's post-conviction petition. After hearing arguments on the State's motion, the circuit judge dismissed the petition. The judge found that the admonition given to the defendant at the guilty plea hearing was sufficient because the State did not seek a mandatory life sentence under the habitual criminal statute and did not present any evidence on the issue of a mandatory life sentence. The trial judge did not rule on the constitutionality of the death penalty or other issues raised in the post-conviction petition which were not addressed in the brief submitted on behalf of the defendant in support of the petition.

I

Defendant first claims that his guilty plea was not knowingly or intelligently made. The defendant contends his constitutional rights were violated because the trial judge, before accepting defendant's guilty plea, failed to admonish him that his prior convictions could mandate a sentence of natural life imprisonment under the provisions of the habitual criminal statute if he was not sentenced to death. (Ill. Rev. Stat. 1989, ch. 38, par. 33B—1.) The State argues that defendant's challenge to the voluntariness of his guilty plea is waived by his failure to raise the issue on direct appeal.

The Post-Conviction Hearing Act allows a criminal defendant the opportunity to challenge his conviction when there has been a substantial denial of his constitu-

tional rights. (Ill. Rev. Stat. 1989, ch. 38, pars. 122—1 through 122—7.) A post-conviction action is a collateral proceeding, not an appeal from the underlying conviction. (*People v. Eddmonds* (1991), 143 Ill. 2d 501, 510; *People v. Albanese* (1988), 125 Ill. 2d 100, 104.) The principles of *res judicata* and waiver limit the scope of post-conviction review. (*People v. Winsett* (1992), 153 Ill. 2d 335, 346.) Consequently, issues that were raised on appeal from the underlying judgment of conviction, or that could have been raised, but were not, will not ordinarily be considered in a post-conviction proceeding. (*People v. Neal* (1990), 142 Ill. 2d 140, 146; *People v. Silagy* (1987), 116 Ill. 2d 357, 365.) Issues that could have been presented on direct appeal, but were not, are considered waived. *People v. Stewart* (1988), 123 Ill. 2d 368, 372.

Following the entry of the guilty plea, defendant did not challenge the voluntariness of his plea in the trial court, nor did he file a motion to withdraw the plea (145 Ill. 2d R. 604(d)). Further, he did not raise the issue of the voluntariness of his guilty plea on direct appeal. (*People v. Hampton* (1992), 149 Ill. 2d 71.) Defendant's basis for challenging his guilty plea, the content of the trial judge's admonitions, however, is found in the transcript of the guilty plea hearing. Defendant does not rely upon newly discovered evidence or other material outside the record in this case. Defendant does not suggest here any reason why he could not have raised on direct appeal his claim that his guilty plea was not intelligently made because he was not properly admonished. Because defendant failed to raise this issue in his direct appeal, we find the issue waived.

II

Defendant next contends that he was denied effective assistance of counsel. Defendant claims his appointed trial counsel was ineffective because the at-

torney failed to advise defendant that if he did not receive a death sentence he could be sentenced to life imprisonment as a habitual criminal and, further, that he failed to move to vacate defendant's guilty plea based on the alleged deficiency in the trial court's admonitions.

As noted above, failure to raise a claim which could have been addressed on direct appeal constitutes waiver. (*People v. Stewart* (1988), 123 Ill. 2d 368, 372.) This court, however, has relaxed the waiver rule when the evidence forming the basis of an incompetency claim does not appear on the face of the record (*People v. Owens* (1989), 129 Ill. 2d 303, 308), when the defendant is represented by the same or related counsel on appeal (*People v. Ruiz* (1989), 132 Ill. 2d 1, 9-10), or when the alleged waiver stems from the incompetence of appointed counsel on appeal (*People v. Barnard* (1984), 104 Ill. 2d 218, 229).

At the time of defendant's direct appeal, all of the facts necessary for his ineffective-assistance-of-counsel claim based on the failure of trial counsel to move to vacate defendant's guilty plea because of the alleged deficiency in the trial court's admonition appeared on the face of the record. Further, defendant's trial counsel did not represent him on direct appeal or in the post-conviction proceeding. Defendant does not allege incompetency of his appellate counsel. Defendant's ineffective-assistance-of-counsel claim based on the preceding theory could have been raised on direct appeal, but was not. We therefore consider it waived.

We must also reject the separate argument that the defendant is entitled to an evidentiary hearing on his claim that trial counsel was ineffective for failing to advise the defendant that he could be subject to a term of natural life imprisonment as a habitual criminal. The defendant did not submit any affidavits or other proof in support of this disputed contention in the proceedings

below, and, in the absence of such evidence, the circuit court would be compelled to dismiss the claim without an evidentiary hearing. (*People v. Johnson* (1993), 154 Ill. 2d 227, 239-40.) Moreover, the present argument is contradicted by a letter the defendant sent to the circuit court several days after the post-conviction petition was filed. In the letter, dated February 16, 1993, the defendant referred to the petition and stated that he had been "thoroughly 'admonished' regarding my possibly being sentenced to natural life." Because the defendant failed to offer any evidence in support of this contention in the proceedings below and later denied the claim in a subsequent letter to the circuit court, we conclude that the defendant was not entitled to an evidentiary hearing on the merits of the issue.

### III

Defendant's final argument challenges the constitutionality of the Illinois death penalty statute, section 9—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 9—1). The defendant contends that the statute is unconstitutional because section 9—1 allows the sentencer to consider, at the second phase of the death penalty hearing, aggravating factors apart from the ones specifically described in the statute. The State again argues that defendant's claim is waived.

We agree with the State that the argument has been waived. Although defendant's direct appeal raised two challenges to the constitutionality of the death penalty statute (*People v. Hampton* (1992), 149 Ill. 2d 71, 115-17), the defendant did not claim in that appeal that the sentencer's ability to consider aggravating factors beyond the specific statutory factors renders the statute unconstitutional. Defendant may not raise on collateral review an issue that could have been raised previously (*People v. Owens* (1989), 129 Ill. 2d 303, 308-09). Because defendant's present argument involves a question he could have raised on direct appeal, the issue is waived.

While we do not decide defendant's constitutional claim on the merits, this court has previously held that the treatment of nonstatutory aggravating factors in death penalty determinations is constitutional. See *People v. Albanese* (1984), 104 Ill. 2d 504, 540-41; *People v. Gacy* (1984), 103 Ill. 2d 1, 103-04; *People v. Davis* (1983), 95 Ill. 2d 1, 38.

\* \* \*

For the reasons set forth above, we affirm the dismissal of defendant's post-conviction petition. The clerk of this court is directed to enter an order setting Wednesday, September 27, 1995, as the date on which the death sentence entered in the circuit court of Madison County is to be carried out. Defendant shall be executed in the manner provided by law (725 ILCS 5/119—5 (West 1992)). The clerk of this court shall send a certified copy of the mandate in this case to the Director of Corrections, to the warden of Stateville Correctional Center, and to the warden of the institution where defendant is confined.

*Judgment affirmed.*