March 11, 1999

NO. 4-98-0443

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

WAYNE E. LINN, ) Appeal from

Plaintiff-Appellant,          ) Circuit Court of

          v. ) Vermilion County

MARCELLA F. DAMILANO, ) No. 95L248

          Defendant-Appellee. ) 

              ) Honorable

                    )    Thomas J. Fahey,

                               )    Judge Presiding.

_________________________________________________________________

JUSTICE GARMAN delivered the opinion of the court: 

Plaintiff Wayne E. Linn was injured when his car was struck from behind by a car driven by defendant Marcella F. Damilano.  After a trial in the circuit court of Vermilion County, the jury rendered a verdict in favor of plaintiff on his negligence claim, finding no comparative negligence on his part, and awarded damages of $15,480.66.  Plaintiff appeals, arguing that the trial court improperly denied his motion to bar the testimony of the impartial medical expert and erred when it refused to give his tendered nonpattern jury instruction.  As a result of these errors, plaintiff asserts, he is entitled to a new trial on the issue of damages.  We affirm.

BACKGROUND

Plaintiff filed suit in December 1995.  The trial court entered a case management order on February 28, 1997, providing in part that all depositions were to be completed by November 11, 1997.  The order also contains the notation "IME Deadline - August 1, 1997," referring to an examination by an impartial medical 

examiner pursuant to Supreme Court Rule 215 (166 Ill. 2d R. 215).
 

The examination was conducted on July 18, 1997, by Arthur C. Lorber, M.D.  Plaintiff subsequently filed a motion to bar the doctor's testimony.  A copy of a letter from Lorber to defense counsel, dated November 15, 1997, was attached to the motion.  
In the letter, the doctor opined, based on his examination and the medical records provided to him, that plaintiff was "an elderly individual who is showing signs of multiple system failure on a degenerative, age-related basis[,] unrelated to his involve­ment in the motor-vehicle accident."  Plaintiff argued this disclosure of opinion violated the scheduling order and Supreme Court Rule 213 (166 Ill. 2d R. 213), and he would have "absolutely no opportunity to do a discovery deposition" of the doctor prior to the scheduled trial.  

Defendant responded that after Lorber's timely examina­

tion, plaintiff disclosed additional medical records and it was necessary to have Lorber review those records.  In addition, defendant argued, at plaintiff's supplemental deposition, after the date of Lorber's letter, plaintiff disclosed the existence of several other doctors who had been treating him for conditions he attributed to the accident.  As a result, defendant requested the motion to bar Lorber's testimony be denied and the trial date be reset to allow additional discovery.

On December 5, 1997, the trial court denied plaintiff's motion, continued the jury trial to a later date, and ordered all depositions to be taken by February 1, 1998.  The parties, by agreement, took several depositions after this date, including Lorber's discovery deposition on March 3, 1998, and videotaped evidence deposition on March 20, 1998.

During the evidence deposition, plaintiff made repeated objections to the doctor's testimony regarding information obtained from plaintiff's past medical records.  For example, when the doctor testified that he learned from the medical records that plaintiff had previously undergone a computerized axial tomography (CAT) scan of his brain, counsel objected, "Anything that was specifical­ly learned from the records is hearsay."  Later, counsel asked for a continu­ing objection to be noted stating, "Specific testimony from medical records is hearsay."  The hearsay objections were subse­quent­ly overruled by the trial court.

On March 24, 1998, plaintiff filed a motion pursuant to Supreme Court Rules 215, 218, and 219 (166 Ill. 2d Rs. 215, 218, 219), again seeking to bar presentation of Lorber's videotaped testimony.  
Plaintiff's motion acknowledged that, as a result of the continuance, he was not prejudiced by the denial of the previous motion.  However, plaintiff stated that an additional report prepared by Lorber was provided to him on the day of the discovery deposition and another report was provided only two days before the evidence deposition, in violation of Rule 215.   

The trial court granted the motion in part, barring testimony with respect to material not contained in the doctor's original documents dated July 23, 1997, and December 9, 1997.

At the jury instruction conference, plaintiff tendered the following nonpattern instruction:

"Testimony by Dr. Arthur Lorber which repeated entries from medical records is not to be considered by you as evidence of the truth of the entries from those medical re­

cords so repeated, but may be considered by you only as a portion of the information relied upon by Dr. Arthur Lorber in forming his opinions."  

Defendant objected that the proposed instruction was argumentative and it "invite[d] error" because it was a nonpattern instruc­tion.  Plaintiff cited several cases in support of his argument that it was "absolutely mandatory that a limiting instruction be given."   The trial court refused the tendered instruction.

The record on appeal contains transcripts of evidence depositions, the jury instruction conference, and the hearing on plaintiff's posttrial motion.  It does not, however, contain a transcript of the trial itself.  Thus, except for the trial court's handwritten notation, "Overruled," in the margin of the transcript of Lorber's deposition, we have no information regarding plain

tiff's argument in support of his hearsay objection or the trial court's ruling.  Because the appellant is responsible for providing a complete record on appeal, including a report of proceedings (155 Ill. 2d R. 321), any doubt arising from the incompleteness of the record will be resolved against the plain­tiff.  
Foutch v. O'Bryant, 
99 Ill. 2d 389, 392, 459 N.E.2d 958, 959 (1984).

MOTION TO BAR TESTIMONY OF DOCTOR

Plaintiff argues on appeal that defendant failed to timely disclose all correspondence between Lorber and defense counsel and, therefore, violated Supreme Court Rules 213, 215, and 218 and the amended scheduling order.  Specifically, plaintiff points to a March 7, 1997, letter from the doctor to defense counsel, which was disclosed to plaintiff 2 days before the evidence deposition and 12 days before trial and which, plaintiff asserts, contains "additional opinions."  Plaintiff asserts he was prejudiced by this untimely disclo­sure and, therefore, the trial court erred by not barring Lorber's testimony in its entirety.

In support of his argument, plaintiff cites the language of Supreme Court Rule 215, which dictates the procedure to be followed when the physical condition of a party is at issue and the adverse party requests that the party submit to a medical examina­

tion.  The rule provides that the examiner's report is to be mailed or delivered to both parties within 21 days after the completion of the examination.  166 Ill. 2d R. 215(c).  Further:

"The court may enforce compliance with this requirement.  If the report is not delivered or mailed to the attorney for the party exam­

ined within the time herein specified or within any extensions or modifications thereof granted by the court, neither the examiner's report, the examiner's testimony, the exam

iner's findings, X[]ray films, nor the results of any tests the examiner has made may be received in evidence except at the instance of the party examined ***."  166 Ill. 2d R. 215(c).

Plaintiff also relies on the committee comments to the amended rule:

"Timing is the critical consideration.  Examining professionals under the rule fall within the classification of opinion witnesses under Supreme Court Rule 213(g) as opposed to consultants under Supreme Court Rule 201 (b)(3).  Consequently, the rule has been amended to require that the examination be scheduled in order that the report con­tem­plat­

ed by sub­sec­tion (c) is provided in accor­dance with the dead­lines imposed by Supreme Court Rule 218(c).  In addition, the failure to provide the attor­ney for the party who was examined with a copy of the examiner's report within the 21-day period specified by para­

graph (c) will result in exclusion of the examiner's testimony, opin­ions, and the re­

sults of any tests or X[]rays that were per­

formed."  166 Ill. 2d R. 215, Committee Com­

ments.

Thus, as plaintiff correctly observes, Rules 213 and 218 are implicated as well as Rule 215.

Plaintiff also relies on the decision of this court in 
Department of Transportation v. Crull, 
294 Ill. App. 3d 531, 690 N.E.2d 143 (1998),
 
in which this court held that the supreme court rules on discovery are "
mandatory 
rules of procedure that courts and counsel must follow."  (Emphasis in original.)  
Crull, 
294 Ill. App. 3d at 537, 690 N.E.2d at 147.  

Defendant responds that the parties, by agreement, took depositions of several doctors after the trial court's deadline for discovery; Lorber's later letters were created and provided to plaintiff pursuant to defendant's duty to supplement discovery (177 Ill. 2d R. 213(i)); and the disputed March 7, 1998, letter did not contain any new opinions, but only observa­tions consistent with the original opinion, made after reviewing additional medical records.  In any event, defendant argues, the trial court limited Lorber's testimony to materials discussed in his earlier opinion letters and plaintiff has not asserted that his testimony violated the trial court's ruling.  

Defendant rejects plaintiff's reliance on the language of Rule 215, arguing the rule does not prohibit the sending of newly discovered medical records to the examining physician for evalua­

tion after he has rendered his opinion.

Defendant also distinguishes 
Crull, 
pointing out that the trial court in that case was found to have abused its discretion because, unlike in the instant case, it "expressly admitted portions of [the opinion witness'] testimony that it acknowledged had not been previously disclosed."  
Crull, 
294 Ill. App. 3d at 536, 690 N.E.2d at 146.  The trial court's ruling in this case, according to defendant, is consistent with our holding in 
Crull 
that the testimony should have been excluded, "to the extent it had not been previously disclosed or was inconsistent with [his] discovery disclosures."  
Crull, 
294 Ill. App. 3d at 534-35, 690 N.E.2d at 145. 

Finally, defendant states that plaintiff has invoked prejudice as a result of the trial court's ruling but has not demonstrated any actual prejudice.  Indeed, defendant asserts, plaintiff did not sustain any prejudice.  Defendant points to the fact that at the evidence deposition, only plaintiff's attorney questioned the doctor about the contents of the March 7 letter.  The doctor replied, "It's not an essential piece [of information], it's all a rehash of previous data that has been stated."  

Rule 215 "is intended to provide an orderly procedure for the examination of civil litigants whose physical or mental condition is in controversy."  166 Ill. 2d R. 215, Committee Comments.  The procedure in this case, despite the trial court's best efforts, was less than orderly.  The parties, by agreement, continued to take depositions well after the date set by the trial court for the completion of discovery.  With each additional deposition, the existence of additional treating physicians and their medical records was revealed.  The relevant records reached Lorber intermittently and he reported his evaluation of these records to defense counsel in the same manner.  

We commented in 
Crull 
that "[t]o allow either side to ignore Rule 213's plain language defeats its purpose and encourages tactical gamesmanship."  
Crull, 
294 Ill. App. 3d at 537, 690 N.E.2d at 147.  It is not clear in this case whether either party was indulging in such maneuvers.  The trial court properly dealt with the situation by permitting Lorber to testify, but limiting his testimony to matters discussed in his earlier reports.   

In any event, unless the plaintiff can establish some prejudice arising from the alleged error, the judgment need not be reversed on appeal.  
Cerveny v. American Family Insurance Co., 
255 Ill. App. 3d 399, 416, 626 N.E.2d 1214, 1226 (1993) (discussing Supreme Court Rule 220, which has since been deleted and replaced by Rules 213 and 218). 
 

Plaintiff responds in his reply brief that the prejudice is "obvious," because Lorber was the sole medical witness for the defendant and the jury found in plaintiff's favor on the issue of liability, but "grossly limited" his damages.  The doctor's testimony, thus, had its "intended effect."  Plain­tiff, however, does not identify any specific portion of the doctor's testimony as prejudicial either because it was not timely disclosed or because it violated the limitation imposed by the trial court.  Instead, plaintiff claims he was prejudiced because the jury rendered a verdict not to his liking.  Mere disappointment in the jury's assessment of damages is not preju­dice.  

The trial court properly ruled on plaintiff's motion to bar Lorber's testimony.  Plaintiff is not entitled to a new trial on the issue of damages.

REFUSAL OF TENDERED NONPATTERN JURY INSTRUCTION

Plaintiff argues, in addition, that even if the doctor's testimony was properly admitted, the trial court erred by refusing his tendered jury instruction.  He asserts that Lorber's testimony was rife with references to medical records he did not create, but upon which he relied in reaching his opinions.  This resulted, according to plaintiff, in the admission "in a hearsay fashion the content[s] of medical records for the truth of the matters[] stated within those records."   

Plaintiff has not identified the standard of review as required by Supreme Court Rule 341(e)(3) (177 Ill 2d R. 341 (e)(3)).  Defendant has provided the correct standard:  the determination of proper jury instructions lies within the sound discretion of the trial court; a reviewing court will not disturb the determination of the trial court absent a clear abuse of that discretion.  
Rowe v. State Bank of Lombard, 
247 Ill. App. 3d 686, 690, 617 N.E.2d 520, 523-24 (1993).  A new trial will be granted based on a trial court's refusal to give a tendered instruction only when the refusal amounts to a serious prejudice to a party's right to a fair trial.  
Poelker v. Warrensburg-Latham Community Unit School District No. 11, 
251 Ill. App. 3d 270, 278, 621 N.E.2d 940, 947 (1993).

Analysis of this issue necessarily begins with the decision of the supreme court in 
Wilson v. Clark, 
84 Ill. 2d 186, 196, 417 N.E.2d 1322, 1327 (1981), which adopted Federal Rules of Evidence 703 and 705 (28 U.S.C. app. Fed. Rs. Evid. 703, 705 (1994)), regarding expert testimony.   Under these rules, a party need not introduce medical records into evidence before eliciting expert medical opinion based on data contained in those records.  
Wilson, 
84 Ill. 2d at 192-93, 417 N.E.2d at 1326.  

Wilson, 
however, does not discuss whether such data fall within the definition of hearsay:

"'testimony in court or written evidence, of a statement made out of court, such statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.'"  
People v. Car­

pen­ter, 
28 Ill. 2d 116, 121, 190 N.E.2d 738, 741 (1963), quoting C. McCormick, Law of Evi­

dence §225 (1st ed. 1954). 

Thus, in 
Beltz v. Griffin, 
244 Ill. App. 3d 490, 491-92, 612 N.E.2d 1054, 1055 (1993), the court ruled that the doctor giving opinion testimony should not be permitted to testify that plaintiff had sustained injuries, identical to those sustained in the accident at issue, in a previous accident.  The plaintiff specifically denied having been involved in a prior accident and the source of the information was the medical record of another doctor.  Under these circumstances, the out-of-court statement was offered to prove the truth of the matter asserted, not as the basis of a medical opinion, and was inadmis­sible hearsay.

Plaintiff is correct, therefore, that 
Wilson 
does not state a general rule allowing an opinion witness "to offer in a hearsay fashion the content of medical records for the truth of the matters[] stated within those records."  Rather, the 
effect 
of 
Wilson 
and the federal rules adopted therein is:

"For most practical purposes *** the same as if an additional exception to the rule against hearsay had been created in reliance upon the critical faculties of the particular profes­sion. ***  Since facts, data, or opin­

ions reasonably relied upon by an expert witness not otherwise admitted in the case may be considered by the trier of fact only in as­

sessing the appropriate weight, if any, to be accorded the expert's opinion and not for their truth, a limiting instruction to the jury to such an effect may be appropriate under certain circumstances."  M. Graham, Cleary & Graham's Handbook of Illinois Evi­

dence §703.1, at 581-82 (6th ed. 1994).

The cases cited by plaintiff discuss limiting instruc­

tions rather than jury instructions.  
Henry v. Brenner, 
138 Ill. App. 3d 609, 615, 486 N.E.2d 934, 937 (1985), held that it was not error to give a limiting instruction in response to a hearsay objection in this situation, but does not say that such an instruction is required.  In 
Poelker, 
the plaintiffs did not ask for a limiting instruction in this circum­stance, but this court noted that they could have done so.  
Poelker, 
251 Ill. App. 3d at 292, 621 N.E.2d at 956.

Because of the lack of a record of the trial, we must assume that plaintiff, although he objected to the admission of the testimony, did not request that the jury be admonished, at the time it viewed the videotaped testimony, "to consider the underlying statements only to evaluate the basis of [the] expert opinion."  
Poelker, 
251 Ill. App. 3d at 292, 621 N.E.2d at 956.

Plaintiff has offered no authority to support his argument that it is error for a trial court to refuse tendered non-

pattern jury instructions in this situation.  We conclude that, although plaintiff might have been entitled to a limiting instruc­

tion at the time the videotaped testimony was played for the jury, had he asked for one, he was not entitled to a jury instruction at the close of the case.  Indeed, given the acknowledged reliability and trustworthiness of the type of records relied upon by the doctor (see 
Wilson, 
84 Ill. 2d at 194, 417 N.E.2d at 1326), the instruction offered by plaintiff was argumentative and would have been unduly prejudicial to the defense.

Further, plaintiff did not argue at trial and has not asserted in his brief that any of the information contained in his medical records was inaccurate.  He, therefore, has not demonstrat­

ed any prejudice that might have resulted from the jury's accepting the hearsay information as true.  Nevertheless, plaintiff attempts in his reply brief to establish prejudice by stating that Lorber's "tone, language[,] and approach" were "an abuse of the 
Wilson v. Clark 
holding."  This argument goes to the credibility of the witness and the weight to be given to his testimony by the finder of fact and is not appropriately addressed to this court.

   Plaintiff's right to a fair trial was not seriously preju­diced by the admission of Lorber's testimony without a jury instruction as to the hearsay nature of the medical records upon which he relied.  Accordingly, we find that the trial court did not abuse its discretion by refusing plaintiff's tendered jury instruction.

CONCLUSION

The judgment of the trial court is affirmed.

Affirmed.

KNECHT, P.J., and COOK, J., concur.