**Dewayne C. BRITZ, Petitioner–Appellant,**

v.

**Roger D. COWAN, Warden, Respondent–Appellee.**

No. 98–3476.

United States Court of Appeals, Seventh Circuit.

Argued Aug. 17, 1999.

Decided Oct. 4, 1999.

Richard D. Frazier, Metnick, Wise, Cherry & Frazier, Springfield, IL, Joshua Sachs, Sachs & Drake, Morton Grove, IL, for Petitioner–Appellant.

David H. Iskowich (argued), Office of the Attorney General, Criminal Appeals Division, Chicago, IL, for Respondent–Appellee.

Before POSNER, Chief Judge, and KANNE and EVANS, Circuit Judges.

POSNER, Chief Judge.

Dewayne Britz was sentenced to death in an Illinois state court in 1985 for murdering a woman who had given him a ride when his truck broke down. After his conviction and sentence were affirmed and state postconviction relief denied, *People v. Britz*, 123 Ill.2d 446, 124 Ill.Dec. 15, 528 N.E.2d 703 (Ill.1988), 174 Ill.2d 163, 220 Ill.Dec. 388, 673 N.E.2d 300 (Ill.1996), he sought federal habeas corpus, lost in the district court, and appeals. He challenges both his conviction and his sentence, but we cannot reach the first challenge. It is to the exclusion at the guilt phase of his trial of the testimony of three psychiatric experts who would have testified that Britz was insane when he committed the murder because he did so under the influence of drugs and alcohol. The testimony was excluded on the ground that since the only evidence of his being under the influence came from Britz himself, it would be hearsay in the mouth of the experts. Under the federal rules of evidence, expert witnesses are allowed to base the opinions to which they testify on reliable though inadmissible hearsay. Fed.R.Evid. 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *Peabody Coal Co. v. Director*, 165 F.3d 1126, 1128 (7th Cir. 1999); *Redman v. John D. Brush & Co.*,

111 F.3d 1174, 1179 (4th Cir.1997). The Illinois law of evidence (with immaterial exceptions) is common law, and in shaping that law the courts have borrowed heavily from federal law—to the extent, indeed, of expressly adopting Rule 703. *People v. Britz, supra,* 124 Ill.Dec. 15, 528 N.E.2d at 710; *Wilson v. Clark,* 84 Ill.2d 186, 49 Ill.Dec. 308, 417 N.E.2d 1322, 1326–27 (Ill. 1981); *People v. Ward,* 61 Ill.2d 559, 338 N.E.2d 171, 176–77 (Ill.1975); *Linn v. Damilano,* 303 Ill.App.3d 600, 236 Ill.Dec. 947, 708 N.E.2d 533, 538 (Ill.App.1999). But a state cannot expand federal jurisdiction by deciding to copy a federal law. David P. Currie, *Federal Jurisdiction in a Nutshell* 101–02 (3d ed.1990). If it incorporates federal law into state law and then gets the federal law wrong, it has made a mistake of state law, which cannot be a basis for federal habeas corpus.

■ To get around this, Britz argues that his trial lawyer was ineffective because he failed to present admissible evidence of Britz's insanity and thus comply with the state's interpretation of its rule. But Britz failed to make this argument in the direct appeal from his conviction, and Illinois law requires that a challenge to the effectiveness of trial counsel be made in the direct appeal if, as here, the basis for the challenge is apparent from the trial record. *People v. Britz, supra,* 220 Ill. Dec. 388, 673 N.E.2d at 306–07; *People v. Orange,* 168 Ill.2d 138, 213 Ill.Dec. 589, 659 N.E.2d 935, 942–43 (Ill.1995); *People v. Hampton,* 165 Ill.2d 472, 209 Ill.Dec. 189, 651 N.E.2d 117, 120 (Ill.1995); *People v. Keener,* 275 Ill.App.3d 1, 211 Ill.Dec. 391, 655 N.E.2d 294, 298 (Ill.App.1995). And so to bring the issue before us he argues that that waiver was a denial of effective assistance of counsel on appeal. But this issue too has been waived, whether as an independent ground for relief or as a basis for good cause to overlook a procedural default, by not having been made in the state postconviction proceedings, *Murray v. Carrier,* 477 U.S. 478, 489, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Momient–El*

*v. DeTella,* 118 F.3d 535, 541–42 (7th Cir. 1997); *Wyldes v. Hundley,* 69 F.3d 247, 253–54 (8th Cir.1995), or in the district court. *Eaglin v. Welborn,* 57 F.3d 496, 498 (7th Cir.1995) (en banc); *Everette v. Roth,* 37 F.3d 257, 261 n. 15 (7th Cir.1994); *Moss v. Lockhart,* 971 F.2d 77, 81 (8th Cir.1992). He made it for the first time in this appeal.

■ Waiver will be forgiven, however, if the petitioner can show that he was "actually" and not merely "legally" innocent of the criminal charges against him. *Schlup v. Delo,* 513 U.S. 298, 314–15, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Whitlock v. Godinez,* 51 F.3d 59, 63 (7th Cir. 1995). The state argues that this means that Britz must show that he didn't kill his victim, and it is conceded that he did. This takes too narrow a view, as held or assumed in such cases as *In re Minarik,* 166 F.3d 591, 607 (3d Cir.1999); *Wilson v. Greene,* 155 F.3d 396, 405 (4th Cir.1998); *Mathenia v. Delo,* 99 F.3d 1476, 1481–82 (8th Cir.1996), and *Nave v. Delo,* 62 F.3d 1024, 1032–33 (8th Cir.1995), though left open in *Romero v. Collins,* 961 F.2d 1181, 1184 (5th Cir.1992) (per curiam), and not yet the subject of a decision by this court. One can kill yet be innocent of murder. Suppose Britz were the public executioner, prosecuted for the "murder" of a capital defendant whom Britz had lawfully executed; he would be actually innocent even though he had, as it were, pulled the trigger. It is the same, we think, when the accused murderer has an affirmative defense of insanity. *Wilson v. Greene, supra,* 155 F.3d at 405. If acquitted on grounds of insanity, he is actually innocent.

But Britz's chances of proving insanity, even if the experts had been allowed to testify, were vanishingly small, see, e.g., *In re Minarik, supra,* 166 F.3d at 607–08; *Wilson v. Greene, supra,* 155 F.3d at 405; *Shaw v. Delo,* 971 F.2d 181, 186–87 (8th Cir.1992), and so the "actual innocence" defense to waiver fails. Although he had a history of drug and alcohol abuse, a number of witnesses who had seen him on the

day of the murder and the following day, when he was arrested, testified that he was perfectly sober; his own testimony, which had him consuming unbelievable amounts of drugs and alcohol, was incredible. At the sentencing phase of Britz's trial, the three experts were allowed to testify to their heart's content, yet no juror voted against imposing the death penalty. How less likely it is that the jury would have voted to acquit on the basis of that testimony!

■ Britz's challenge to the sentence relies on the argument, a familiar one from previous capital cases in this and other circuits, *Emerson v. Gramley*, 91 F.3d 898, 906–07 (7th Cir.1996); *Stewart v. Gramley*, 74 F.3d 132, 135 (7th Cir.1996); *Hernandez v. Johnson*, 108 F.3d 554, 562–64 (5th Cir.1997); *Hendricks v. Calderon*, 70 F.3d 1032, 1043–44 (9th Cir.1995); *Hill v. Lockhart*, 28 F.3d 832, 845–47 (8th Cir.1994), that his trial lawyer failed adequately to investigate Britz's personal history, here one of substance abuse. The state supreme court thought the investigation adequate and that in any event a fuller one would not have swayed any of the jurors. Britz's present lawyer concedes as he must that these determinations must be upheld if we think them reasonable, 28 U.S.C. § 2254(d)(1); *Franklin v. Gilmore*, 188 F.3d 877, 884–85 (7th Cir.1999); *Hennon v. Cooper*, 109 F.3d 330, 334–35 (7th Cir. 1997); *Hull v. Kyler*, 190 F.3d 88, 108–11 (3d Cir.1999); *Boyd v. Ward*, 179 F.3d 904, 914–15 (10th Cir.1999), even if we might be inclined as an original matter to disagree with them. It is clearer that a fuller investigation would have turned up nothing useful than that Britz's trial lawyer was justified in stopping where he did, which was basically with talking with family members. *Stewart v. Gramley, supra*, 74 F.3d at 135; *Bolender v. Singletary*, 16 F.3d 1547, 1561 (11th Cir.1994). In the years since his original conviction, Britz's legal team has conducted a meticulous inquiry into his history and come up with very little, namely that he indeed had a history of drug and alcohol abuse at the time he committed the murder. How this would mitigate the gravity of his crime, committed while he was, from all indications, entirely sober, is beyond us. When a person commits a murder when stone sober, the fact that at other times he is under the influence of drugs or alcohol is unrelated to the depravity of his act. All that Britz's meticulously researched personal history shows, as in the other cases we have cited, is that he led a disordered life culminating in the murder for which he has been sentenced to death. People with his background of antisocial behavior are more likely to commit murders than other people, but this does not make them attractive candidates for lenity; rather, it underscores their dangerousness.

AFFIRMED.