Brian D. STECKEL, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 473, 2001.

Supreme Court of Delaware.

Submitted: Feb. 21, 2002.
Decided: April 11, 2002.

Joseph M. Bernstein and John P. Decker, Wilmington, for Appellant.

Loren C. Meyers, Chief of Appeals Division, Department of Justice, Wilmington, for Appellee.

Before VEASEY, Chief Justice, WALSH, HOLLAND, BERGER, and STEELE, Justices, constituting the Court En Banc.

PER CURIAM:

This is an appeal from the Superior Court's denial of a motion for postconviction relief. The appellant, Brian Steckel ("Steckel") had previously been convicted of murder in the first degree and sentenced to death. His conviction and sentence were affirmed by this Court on direct appeal.[1] Steckel's postconviction petition was based on a claim of ineffective assistance of trial counsel. The Superior Court ruled that Steckel's counsel was not ineffective for failure to present mitigating evidence in the penal-

---

1. The circumstances of the underlying conviction and the basis for this Court's affirmance are set forth in *Steckel v. State,* 711 A.2d 5 (Del.1998).

ty phase concerning Steckel's narcissistic personality. We agree and affirm.

## I

In the penalty phase of the trial, Steckel's counsel presented evidence in mitigation relating to Steckel's mental state and personality from two forensic experts, Dr. Stephen Mechanick, a psychiatrist, and Dr. S. Charles Bean, a neurologist. The substance of their testimony was that Steckel had experienced a tragic childhood and was a substance abuser. They opined that Steckel's medical diagnosis was one of Attention Deficit Disorder and Antisocial Personality Disorder.

Steckel's postconviction counsel secured an evaluation and opinion of Steckel which, while supportive of an Antisocial Personality Disorder, emphasized the narcissistic feature of the diagnosis. Unlike the other two experts, Dr. John O'Brien met briefly with Steckel but was unable to interview him because Steckel was uncooperative. Dr. O'Brien did, however, review the reports of the other experts and examine material related to the case, including reports that Steckel had exaggerated his past criminal conduct. Dr. O'Brien diagnosed Steckel with antisocial personality traits, as well as traits associated with Narcissistic Personality Disorder. Dr. O'Brien opined that these narcissistic traits caused Steckel to greatly exaggerate his criminal history and the details of the murder for which he was convicted. Steckel presented Dr. O'Brien's opinion in the postconviction proceedings in the Superior Court and argued that trial counsel was ineffective in not presenting a narcissistic diagnosis to the jury in the penalty phase of his trial.

## II

■ This Court reviews the Superior Court's factual findings for abuse of discretion and findings of law *de novo*. *Dawson v. State*, 673 A.2d 1186, 1190 (Del.1996).

■ Under *Strickland v. Washington* and its progeny, Steckel must show that: (1) "under all the circumstances, the attorney's representation fell below an objective standard of reasonableness" and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Steckel argues that the jury would not have recommended the death penalty if it had heard expert testimony that he had a narcissistic personality. Steckel claims that evidence of a narcissistic personality would "provide an explanation" for Steckel's behavior during and after the crime, and would present him as someone who "suffered from a mental disturbance" rather than an "evil" person.

The Superior Court ruled that trial counsel's decision not to present evidence of Steckel's exaggerating "gamesmanship" was "not only reasonable but was the right decision." *State v. Steckel*, 2001 WL 1486165, *6 (Del.Super.2001). The court reasoned that, because many of Steckel's grandiose claims were substantiated by other evidence, his attorney could have reasonably believed Steckel was just "being his uncooperative and aggravating self." *Id.* Given the opinion of the other two experts who testified, the court held that "[c]ounsel is not required to search for additional mental health professionals when it appears that the diagnosis given by those already retained would reasonably explain the conduct of the Defendant." *Id.*

In our view, Steckel's claim of ineffective assistance of counsel fails under the first prong of *Strickland*. Steckel's gross exaggeration of his conduct, even if born of a

narcissistic personality, hardly serves to render him a more sympathetic figure in the eyes of the jury.[2] Trial counsel's decision to emphasize Steckel's antisocial personality, partially resulting from his background, with supporting expert testimony, was a strategic choice which clearly had a reasonable basis. We agree with the Superior Court that it would not have helped Steckel's cause to have portrayed him as a more dangerous individual because of the narcissistic overlay on his Antisocial Personality Disorder. As the Court of Appeals for the Seventh Circuit has noted, defendants may present evidence of a background of antisocial behavior, however this "does not make them attractive candidates for lenity; rather it underscores their dangerousness."[3]

Finally, even if the evidence that Steckel had a narcissistic disorder had been presented to the jury, there is no reasonable likelihood that the outcome of the penalty phase would have been any different. The brutal manner of the killing in this case, and Steckel's braggadocio following the event, were sufficiently repulsive to explain the jury's vote in favor of the death penalty. Mental illness was not tendered as a defense to Steckel's guilt and there is no basis in the record for relieving the defendant of his responsibility. Merely to characterize Steckel as vain and selfish would distract little from the depiction of him gleaned from the circumstances of the offense.

The judgment of the Superior Court is AFFIRMED.

---

**2.** The current diagnostic criteria for Narcissistic Personality Disorder ("NPD") are defined by the medical community in the *Diagnostic and Statistical Manual, Fourth Edition, Text Revision ("DSM")*. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Text Revision* (American Psychiatric Association, 2000). The DSM lists several criteria for NPD, including "a pervasive pattern of gran-

diosity, need for admiration, and lack of empathy." DSM at 714. People who are diagnosed with NPD are often "interpersonally exploitative ... envious of others ... [or show] arrogant, haughty behaviors, or attitudes." DSM at 7171.

**3.** *Britz v. Cowan*, 192 F.3d 1101, 1104 (7th Cir.1999).