# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | : | ID. No. 1209013919 |
| | : | In and for Kent County |
| v. | : | |
| | : | |
| MICAH O. CUFFEE, | : | RK12-10-0534-01 |
| | : | RK12-10-0536-01 |
| Defendant. | : | RK12-10-0557-01 |
| | : | |

## ORDER

Submitted: November 8, 2017
Decided: November 13, 2017

On this 13th day of November, 2017, upon consideration of the Defendant's Amended Motion for Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this case, it appears that:

1. The defendant, Micah Cuffee ("Cuffee") was found guilty, following a jury trial on August 7, 2013, of Attempted Theft of a Senior, 11 *Del. C.* § 841; Conspiracy Second Degree, 11 *Del. C.* § 512; and Criminal Mischief < $1,000, 11 *Del. C.* § 811. Prior to sentencing, the State filed a motion to declare Mr. Cuffee an habitual offender pursuant to 11 *Del. C.* § 4214(a). On October 25, 2013, Mr. Cuffee was sentenced to eight years of Level V incarceration for the Attempted Theft charge, two years of Level V, suspended for one year at Level III Probation, for the Conspiracy Second Degree charge, and fined for the Criminal Mischief conviction.

2. Mr. Cuffee, through counsel, appealed his conviction to the Delaware Supreme Court. The Supreme Court, affirmed his conviction and sentence on October 14, 2014.

3. Thereafter, Mr. Cuffee filed a Motion for Post Conviction Relief and thereafter an amended motion. The relevant procedural history is set forth in the Commissioner's Report and Recommendation of July 18, 2017, attached hereto as Exhibit "A".

4. Mr. Cuffee filed a notice of appeal of the Commissioner's Report and Recommendation that the Court considers to be a motion for reconsideration of her report. In response, the State argues that Mr. Cuffee sets forth no additional arguments other than those already considered by the Commissioner, which were properly rejected. The Court agrees.

**NOW, THEREFORE,** after a *de novo* review of the record in this action, and for the reasons stated in the Commissioner's Report and Recommendation dated July 18th, 2017,

**IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendation attached as Exhibit "A", is hereby adopted by the Court in its entirety. Accordingly, Movant's Amended Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 is hereby **DENIED.**

_____/s/ Jeffrey J Clark_____
Judge

JJC/jb

# Exhibit A

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | ID. No. 1209013919 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK12-10-0534-01 |
| **MICAH O. CUFFEE** | ) | RK12-10-0536-01 |
| | ) | RK12-10-0557-01 |
| Defendant. | ) | |

**COMMISSIONER'S REPORT AND RECOMMENDATION**

**Upon Defendant's Motion for Postconviction Relief
Pursuant to Superior Court Criminal Rule 61**

Jason C. Cohee, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

Micah O. Cuffee, *Pro se*.

FREUD, Commissioner
August 7, 2017

The defendant, Micah O. Cuffee ("Cuffee") was found guilty, following a jury trial on August 7, 2013, as charged, of one count of Attempted Theft of a Senior, 11 *Del. C.* § 841; one count of Conspiracy in the Second Degree, 11 *Del. C.* § 512; and one count of Criminal Mischief < $1,000, 11 *Del. C.* § 811. A presentence investigation was ordered by the Court. The State filed a motion to declare Cuffee a

habitual offender pursuant to 11 *Del. C.* § 4214(a).[1] The motion was granted on October 15, 2013. Cuffee was "...sentenced to eight years of Level V incarceration for Attempted Theft, two years of Level V incarceration, suspended for one year of Level III probation, for Conspiracy in the Second Degree, and a fine of $250 for Criminal Mischief."[2]

Cuffee waived his right to counsel on appeal and was permitted to represent himself in his appeal to the Delaware Supreme Court. The issues on appeal were noted by the Court as follows:

> Cuffee claims: (i) the Superior Court erred in allowing the State to amend the indictment before trial and during trial; (ii) the Superior Court erred in admitting a picture of Cuffee the night of his arrest; (iii) the prosecutor made improper statements during his opening and closing arguments; (iv) the State committed discovery and *Brady* violations by failing to produce a recording of police radio communications; and (v) Cuffee was deprived of his right to self-representation.[3]

The Supreme Court, on October 14, 2014, affirmed Cuffee's conviction and sentence finding each of his claims meritless.[4]

On August 11, 2015 Cuffee filed a Motion for Postconviction Relief pursuant to Superior Court Rule 61. He then filed a motion to amend the motion for postconviction relief. On October

---

[1] It is noted that Cuffee hired new counsel for the sentencing and for filing a motion for new trial.

[2] *Cuffee v. State*, 2014 WL 5254614 (Del. Supr.), at *2.

[3] *Cuffee*, 2014 WL 5253614, at *1

[4] *Id.*

20, 2015 Cuffee was granted permission to file an Amended Motion to replace the original motion.

The Amended Motion for Postconviction Relief and Memorandum were filed on December 29, 2015

to replace the motion filed on August 11, 2015. The pending amended motion alleges several

grounds for relief including ineffective assistance of Trial Counsel.

## FACTS

Following are the facts as set forth by the Delaware Supreme Court:

> (2) On the night of September 19, 2012, a resident of a development located near Walker Road in Dover heard a vehicle, a screeching, metallic noise like something was being dragged, and voices outside the back of her townhouse. Office buildings, which were closed for the day, were located behind the caller's townhouse. The resident called 911 to report the noises at approximately 10:30 p.m. Corporal Gregory Hopkins and other members of the Dover police responded to the 911 call.
>
> (3) Initially, Hopkins and the other police officers checked businesses and communities along Walker Road for the source of the reported noises. Hopkins checked 1155 Walker Road and did not see anything there. Hopkins then went to the 911 caller's townhouse and spoke to her about what she had heard in order to pinpoint the location of the noises. Based on that conversation, Hopkins drove back to 1155 Walker Road, which was located behind the townhouse.
>
> (4) Hopkins walked around the building located at 1155 Walker Road and saw four, disconnected air conditioning units behind the building and near a shed. The air conditioners had been cut from the building located at 1155

3

Walker Road. Hopkins reported his findings and it was decided that he would stay in the area to conduct surveillance in case someone returned to pick up the disconnected air conditioners. Other officers set up a perimeter near Walker Road.

() Shortly after Hopkins concealed himself under some trees to monitor the area where the air conditioners were located, he observed a maroon minivan, with no headlights on, driving in from Walker Road. After driving into the parking lot that was closest to the disconnected air conditioners, the minivan began backing up over a bed of rocks near the air conditioners and became stuck.

(6) Hopkins watched the minivan occupants attempt to remove the minivan from the rocks. They were unsuccessful and called somebody for assistance. Although Hopkins could see the occupants of the minivan walk around it, he could not see them at all times. Hopkins observed a white pick-up truck drive in from Walker Road and tow the minivan off of the rocks. Cuffee's cousin, Walter Cuffee, testified that Cuffee called him the night of September 19, 2012 for assistance. Walter Cuffee drove his white pick-up to Walker Road, where he testified that he picked up Cuffee and Mark McDonald, and then helped Cuffee and McDonald tow the minivan from the rocks. After Hopkins watched the white pick-up truck and maroon minivan leave the parking lot, he saw that the disconnected air conditioners were no longer where he had previously seen them. Hopkins radioed police units on Walker Road to report that the air conditioners had been taken and that both the white pick-up truck and maroon minivan should be stopped. Hopkins then walked around the area and saw that the air

4

conditioners had been moved to the other side of the shed.

(7) Police stopped the white pick-up truck and maroon minivan. Cuffee was driving the minivan and McDonald was the passenger. Both men were arrested. In a search of the minivan, the police found a pair of bolt cutters, Channellock pliers, a flashlight, and two pairs of work gloves. All of the seats, except for the driver seat and front passenger seat, had been removed from the minivan. Cuffee's daughter testified that she owned the minivan and that the equipment in the minivan belonged to her husband.[5]

## CUFFEE'S CONTENTIONS

On April 6, 2016, Cuffee filed a "Motion to Amend Postconviction." He requested "...that this Honorable Court to allow him to amend a portion of his postconviction to correct the grounds raised in the Postconviction to correlate with the attached Memorandum of Law and Supporting Facts. ...the Defendant rushed to get the Amended Motion filed [on December 29, 2015] according to the Court's Order. In doing so, the Defendant failed to include 3 grounds that were in his Memorandum of Law and Supporting Facts. ...The Defendant is not seeking to amend any of the supporting facts in his Memorandum of Law and Supporting facts." The Court granted the motion to amend and on April 6, 2016 Cuffee filed a Second Amended Motion for Postconviction Relief listing the grounds as follows:

| | |
|---|---|
| Ground I: | The Court erred when it allowed the State to amend the Indictment.<br>Please see attached Memorandum of Law and supporting facts. |
| Ground II: | Prosecutorial Misconduct. |

---

[5] *Cuffee v. State*, 2014 WL 5254614 (Del. Supr.), at *1-2.

5

A. Prosecutor made false and misleading statements to jury.
B. Improper vouching by prosecutor.
C. Improper vouching for State case.
D. Improper rebuttal.
E. Prosecutor allowed police to testify falsely.
F. Prosecutor tampering with evidence.[6]

Ground III: The Court failed to give an effective waiver which deprived Defendant of his right to represent himself.
Please see attached Memorandum of Law and supporting facts.

Ground IV: The Trial Judge erred when he allowed the State to introduce pictures of copper tubing into evidence that was not going to be introduced as evidence and was not part of the crime scene.
Please see attached Memorandum of Law and supporting facts.

Ground V: Ineffective assistance of counsel.
Please see attached Memorandum of Law and supporting facts.

Ground VI: Prosecutor violated Superior Court Rule 16 discovery and Brady material.
This ground was mistakenly listed as IV when it is ground VI.
A. Prosecutor withheld evidence of a traffic ticket.
B. Investigating officer notes not given to defense.
C. State withheld 911 records.
D. State withheld evidence regarding another truck.[7]

These are the grounds I will address in the Report and Recommendation.

**DISCUSSION**

Under Delaware Law the Court must first determine whether Cuffee has met the

---

[6] A - F is a list of my summary of Cuffee's allegations of prosecutorial misconduct.

[7] A - D is a list of my summary of Cuffee's allegations of prosecutorial misconduct.

procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of the postconviction relief claims.[8] Under Rule 61, postconviction claims for relief must be brought within one year of the conviction becoming final.[9] Cuffee's motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not apply to the motion. As this is Cuffee's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

Grounds for relief not asserted in the proceedings leading to judgment of conviction are thereafter barred unless the movant demonstrates: (1) cause for the procedural fault and (2) prejudice from a violation of the movant's rights.[10] The bars to relief are inapplicable to a jurisdictional challenge or to a colorable claim or miscarriage of justice stemming from a constitutional violation that "undermines the fundamental legality, reliability, integrity or fairness of the proceeding leading to the judgment of conviction."[11]

---

[8] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).

[9] Super. Ct. Crim. R. 61(i)(1).

[10] Super. Ct. Crim. R. 61(i)(3).

[11] Super. Ct. Crim. R. 61(i)(5).

Cuffee's first, second,[12] fourth, and sixth[13] grounds for relief are simply restatements of the arguments he previously raised in his direct appeal. Superior Court Criminal Rule 61(i)(4) bars any ground for relief that was formerly adjudicated unless reconsideration of the claim is warranted in the interest of justice.[14] Cuffee raised these claims *pro se* before the Supreme Court and the Supreme court found them meritless. Cuffee has made no attempt to argue why reconsideration of these claims are warranted in the interest of justice. The interest of justice exception of Rule 61(i)(4) has been narrowly defined to require that the movant show that "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish" him.[15] Cuffee has made no attempt to demonstrate why this claim should be revisited. This Court is not required to reconsider Cuffee's claims simply because they are "refined or restated."[16] For this reason, these grounds for relief should be dismissed as previously adjudicated under Rule 61(i)(4).

Cuffee's second ground for relief, subparts D and F, alleges the State made

---

[12] Subparts A, B, C and E were all previously adjudicated on appeal. Only subparts D and F of Ground II were not raised earlier.

[13] Subparts C and D of Ground VI were raised on appeal. Only subparts A and B were not raised earlier.

[14] Super. Ct. Crim. R. 61(i)(4).

[15] *Maxion v. State*, 686 A.2d 148, 150 (Del. 1996) (quoting *Flamer v. State*, 585 A.2d 736, 746 (Del. 1990)).

[16] *Riley v. State*, 585 A.2d 719, 721 (Del. 1990) rev'd on other grounds, *Riley v. Taylor*, 277 F.3d 261 (3d Cir. 2001).

improper rebuttal argument and tampered with evidence. The record contradicts this vague assertion. Furthermore Cuffee gives no cause for his failure to have raised this claim earlier. It is therefore procedurally barred.

Likewise Ground IV, alleging that the Trial Court erred in allowing a photo in and Ground VI subparts A and B alleging prosecutorial *Brady* violation were not raised on appeal. Again Cuffee has failed to show cause for his failure to have raised these issues on appeal and consequently they are procedurally barred by Superior Court Criminal Rule 61(i)(3).

Only Cuffee's fifth ground for relief is premised to some degree, on allegations of ineffective assistance of counsel. These types of claims are not normally subject to the procedural default rule, in part because the Delaware Supreme Court will not generally hear such claims for the first time on direct appeal. For this reason, many defendants, including Cuffee, allege ineffective assistance of counsel in order to overcome the procedural default.

However, this path creates confusion if the defendant does not understand that the test for ineffective assistance of counsel and the test for cause and prejudice are distinct, albeit similar, standards.[17] The United States Supreme Court has held that:

> [i]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State, which may not "[conduct] trials at which persons who face incarceration must defend themselves without adequate legal assistance"[;] [i]neffective assistance of counsel, then, is cause for a

---

[17] *State v. Gattis*, 1995 Del. Super. LEXIS 399, at *13.

procedural default.[18]

A movant who interprets the final sentence of the quoted passage to mean that he can simply assert ineffectiveness and thereby meet the cause requirement will miss the mark. Rather, to succeed on a claim of ineffective assistance of counsel, a movant must engage in the two part analysis enunciated in *Strickland v. Washington*[19] and adopted by the Delaware Supreme Court in *Albury v. State*.[20]

The *Strickland* test requires the movant show that counsel's errors were so grievous that his performance fell below an objective standard of reasonableness.[21] Second, under *Strickland* the movant must show there is a reasonable degree of probability that but for counsel's unprofessional error the outcome of the proceedings would have been different, that is, actual prejudice.[22] In setting forth a claim of ineffective assistance of counsel, a defendant must make and substantiate concrete

---

[18] *Murray v. Carrier,* 477 U.S. 478, 488 (1986).

[19] 466 U.S. 668 (1984).

[20] 551 A.2d 53, 58 (Del. 1988).

[21] 466 U.S. at 687-88; *see Dawson v. State,* 673 A.2d 1186, 1190 (Del. 1996).

[22] 466 U.S. at 694; *see Dawson,* 673 A.2d at 1190; *Accord, e.g., Zebroski v. State,* 822 A.2d 1038, 1043 (Del. 2003); *Ayers v. State,* 802 A.2d 278, 281 (Del. 2002); *Steckel v. State,* 795 A.2d 651, 652 (Del. 2002); *Johnson v. State,* 813 A.2d 161, 167 (Del. 2001); *Bialach v. State,* 773 A.2d 383, 387 (Del. 2001); *Outten v. State,* 720 A.2d 547, 552 (Del. 1998); *Skinner v. State,* 607 A.2d 1170, 1172 (Del. 1992); *Flamer v. State,* 585 A.2d 736, 753-754 (Del. 1990).

allegations of actual prejudice or risk summary dismissal.[23]

Generally, a claim for ineffective assistance of counsel fails unless both prongs of the test have been established.[24] However, the showing of prejudice is so central to this claim that the *Strickland* court stated "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."[25] In other words, if the Court finds that there is no possibility of prejudice even if a defendant's allegations regarding counsel's representation were true, the Court may dispose of the claim on this basis alone.[26] Furthermore, the defendant must rebut a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and this Court must eliminate from its consideration the "distorting effects of hindsight when viewing that representation."[27]

In the case at bar, Cuffee attempts to show cause for his procedural default by making merely conclusory assertions of ineffectiveness of counsel. In regards to

---

[23] See, *e.g., Outten v. State,* 720 A.2d 547, 552 (Del. 1998); *Righter v. State,* 704 A.2d 262, 263 (Del.1997); *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Skinner v. State,* 1994 Del. LEXIS 84; *Brawley v. State,* 1992 Del. LEXIS 417; *Younger v. State,* 580 A.2d 552, 556 (Del. 1990); *Robinson v. State,* 562 A.2d 1184, 1185 (Del. 1989). *Accord Wells v. Petsock,* 941 F.2d 253, 259-60 (3d Cir. 1991).

[24] 466 U.S. at 687.

[25] *Id.* at 697.

[26] *State v. Gattis,* 1995 Del. Super. LEXIS 399, at *13.

[27] 466 U.S. at 689; *Dawson,* 673 A.2d at 1190; *Wright v. State,* 671 A.2d 1353, 1356 (Del. 1996).

prejudice, Cuffee makes little if any attempt to show counsel's actions harmed him. Under the circumstances of this case, Cuffee's claims are meritless. The Supreme Court found no error in the trial. The record indicates that Cuffee's trial attorney did in fact adequately prepare for the trial and that the trial was fair.[28] Cuffee has utterly failed to demonstrate prejudice as a result of his Trial Counsel's alleged failure. This failure is fatal to Cuffee's motion. His motion is therefore procedurally barred.[29] Furthermore, as persuasively noted by Cuffee's Trial Counsel in his detailed and comprehensive affidavit all the actions Cuffee complains about were made for strategic and well founded reasons under the circumstances of the case. I find no error in Trial Counsel's actions nor any prejudice to Cuffee as a result.

---

[28] See Affidavit of Counsel (D.I. 87) for a complete overview of Counsel's preparation for trial.

[29] *See, e.g. Wright,* 671 A. 2d at 1356; *Wright v. State,* 1992 Del LEXIS 62; *Brawley v. State,* 1992 Del. LEXIS 417.

*State v. Cuffee*
ID No. 1209013919
August 7, 2017

## CONCLUSION

After reviewing the record in this case, it is clear that Cuffee has failed to avoid the procedural bars of Rule 61(i). Consequently, I recommend that Cuffee's postconviction motion be *denied* as procedurally barred by Rule 61(i)(3) for failure to prove cause and prejudice and Rule 61(i)(4) as previously adjudicated on direct appeal.

/s/ Andrea M. Freud
Commissioner

AMF/dsc

13