NOTICE
Decision filed 01/07/19. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2019 IL App (5th) 170403

NO. 5-17-0403

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| LINDA BATSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 13-L-1181 |
| | ) | |
| TOWNSHIP VILLAGE ASSOCIATES, LP; | ) | |
| SUGAR CREEK REALTY, LLC; and | ) | |
| SCHINDLER ELEVATOR CORPORATION, | ) | Honorable |
| | ) | William A. Mudge, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court, with opinion.
Justice Chapman concurred in the judgment and opinion.
Justice Welch specially concurred, with opinion.

**OPINION**

¶ 1    The plaintiff, Linda Batson, filed a complaint alleging that she was injured while riding in an elevator that was owned or controlled by defendants, Township Village Associates, LP, and Sugar Creek Realty, LLC, and maintained by defendant, Schindler Elevator Corporation (Schindler). The plaintiff moved to bar the testimony of defendants' examining physician because neither the examining physician nor the defendants provided a copy of the examiner's report to plaintiff's counsel within the time required under Illinois Supreme Court Rule 215(c) (eff. Mar. 28, 2011). The trial court denied the plaintiff's motion to bar but later granted a motion by the plaintiff to certify the following question of law for interlocutory review: "Does the trial

1

court have discretion to permit a Rule 215 medical examiner to testify when the attorney for the party examined has not been served with the examiner's report within the time specified by Rule 215(c)?" This court granted the plaintiff's petition for interlocutory review pursuant to Illinois Supreme Court Rule 308(a) (eff. July 1, 2017) to consider the certified question.

¶ 2                                PROCEDURAL BACKGROUND

¶ 3     The plaintiff filed this action seeking damages for personal injuries and thereby placed her physical condition at issue. During the discovery process, Schindler, along with the other defendants, filed a motion pursuant to Illinois Supreme Court Rule 215(a), requesting that the trial court order the plaintiff to submit to a medical examination by their chosen physician, Dr. Mitchell Rotman. The court granted the motion without objection. On July 13, 2016, the parties reached an agreement that the medical examination would take place on August 15, 2016.

¶ 4     On August 15, 2016, Dr. Rotman examined the plaintiff and dictated the report of his examination. On August 31, 2016, Dr. Rotman faxed a copy of his report to Schindler's counsel. Dr. Rotman did not, however, fax, mail, or otherwise deliver a copy of his report to plaintiff's counsel.

¶ 5     On September 13, 2016, counsel for all parties appeared for the video evidence deposition of Dr. Steven Baak, one of the plaintiff's treating physicians. This deposition had been previously noticed by plaintiff's counsel on August 3, 2016. Before questioning began, plaintiff's counsel indicated that he wished to make a record. Plaintiff's counsel stated that he had not received a copy of Dr. Rotman's report and that, under Rule 215(c), a duplicate copy of the examiner's report should have been delivered to him within 21 days of the examination. Counsel further stated that he intentionally scheduled this evidence deposition 7 days after the 21-day time limit so that he would have the report prior to Dr. Baak's evidence deposition.

Counsel advised that he had filed a motion to bar Dr. Rotman's testimony and his report, and that copies of the motion had been mailed to defendants. Counsel stated that he would proceed with the video evidence deposition because Dr. Baak was present, and the plaintiff had to have this testimony for trial.

¶ 6 After plaintiff's counsel made his record, there was a lengthy back and forth discussion between Schindler's counsel and plaintiff's counsel. In summary, Schindler's counsel initially indicated that he did not agree that the plaintiff had been prejudiced by not having Dr. Rotman's report in time for Dr. Baak's deposition. Schindler's counsel stated that based on the case management order, he thought he "was not required" to produce the report of his expert at that time. Schindler's counsel also asserted that this was the first time the plaintiff had made a request for the report and that he would give plaintiff's counsel a copy of the report, thereby ameliorating any alleged prejudice. Schindler's counsel then handed a copy of the report to plaintiff's counsel and offered to reschedule or delay the start of Dr. Baak's deposition.

¶ 7 In response, plaintiff's counsel suggested that the fact that Schindler's counsel had a copy of the report and plaintiff did not and that Schindler's counsel did not produce the report to the plaintiff within the 21-day time limit set forth in Rule 215(c) showed that this was a serious violation of Rule 215. Plaintiff's counsel noted that the offer to provide the report just before the evidence deposition did not alleviate the prejudice because he had prepared for the deposition of Dr. Baak without the benefit of the report. Plaintiff's counsel also noted that the report had been addressed only to Schindler's counsel and that it had been faxed to Schindler's counsel on August 30, 2016. Plaintiff's counsel again indicated that he would proceed with the evidence deposition because the doctor was present, and a postponement would be prejudicial. The evidence deposition of Dr. Baak was taken that day.

3

¶ 8     The plaintiff's motion to bar Dr. Rotman's testimony was filed on September 13, 2016. Plaintiff's motion alleged that Dr. Rotman examined the plaintiff on August 15, 2016, and that Dr. Rotman failed to provide a copy of his report of the examination to plaintiff's counsel. The plaintiff further alleged that the defendants had not requested, and the court had not granted, any extension of time to provide a copy of the report to the plaintiff. The plaintiff asserted that under Rule 215(c), the failure to provide a copy of the examiner's report within 21 days of the examination should result in exclusion of the examiner's testimony, opinions, findings, and results, as set forth in the report. The plaintiff argued that the exclusion provision was mandatory and that the plaintiff was not required to show prejudice.

¶ 9     On October 24, 2016, Schindler filed a memorandum in opposition to the plaintiff's motion to bar. Schindler noted that plaintiff's motion to bar was based on a Rule 215(c) medical report that was "provided to Plaintiff's counsel seven (7) days 'late' per that Rule's 21-day disclosure section." Schindler acknowledged that its counsel had received a copy of Dr. Rotman's report by fax on August 30, 2016, but asserted that its counsel "was not made aware" that the report had not been sent to plaintiff's counsel. In a footnote, Schindler admitted that "[t]he 21 day portion of Rule 215(c) was not specifically discussed by counsel with Dr. Rotman." Schindler argued that the exclusion provision in Rule 215(c) was discretionary with the trial court and that under the case law there must be actual prejudice before a motion to bar the examiner's testimony and report is granted. Schindler also asserted that the plaintiff could not establish prejudice because the scheduling order had been recently amended and under the amended schedule, the period for discovery would not close until March 17, 2017, and the trial date was more than a year away. Schindler also asserted the plaintiff could have decided, unilaterally, to postpone the deposition of Dr. Baak to cure any prejudice that she allegedly

4

suffered. Alternatively, Schindler argued that the time requirements of Rule 215(c) were inapplicable because the amended case management order, entered September 6, 2016, set the time for the disclosure of the defendants' expert witnesses, and thereby modified the time requirements under Rule 215(c).

¶ 10     On October 26, 2016, the trial court heard arguments on the plaintiff's motion to bar Dr. Rotman's testimony but delayed a ruling to allow supplemental briefing. On January 12, 2017, the trial court issued a written order denying the plaintiff's motion to bar. In its order, the court found that it was undisputed that "Dr. Rotman did not 'mail or deliver' to the attorneys for 'the party examined' his 'written report of the examination' within 21 days, nor did Schindler's counsel." The court specifically found that no "extensions or modifications" had been granted by the court. The court agreed the supreme court rules are not aspirational but then stated that "it must weigh various factors when ruling on discovery violations, including surprise, the prejudicial effect, the nature of the testimony, the diligence of the adverse party, timely objection to the testimony, and the good faith of the party calling the witness." Given those factors, the court determined that the plaintiff had ample time to construct trial strategy, as the trial was seven months away. The court denied the plaintiff's motion to bar the testimony of Dr. Rotman, concluding that it had discretion to permit the examiner to testify despite the time violation and that the plaintiff was not unduly prejudiced.

¶ 11     On September 6, 2017, the plaintiff filed a motion to reconsider the ruling on the plaintiff's motion to bar Dr. Rotman's testimony and also asked the court to strike the defendants' cross-examination of Dr. Baak as a sanction for the discovery violation. On September 13, 2017, Schindler filed a response in opposition to the motion to reconsider. On September 16, 2017, the court issued an order denying the motion to reconsider its ruling on the

motion to bar Dr. Rotman's testimony. The court took the request to strike the cross-examination of Dr. Baak under submission pending review of the deposition transcript.

¶ 12    During a final pretrial conference on September 20, 2017, the plaintiff requested that the trial court certify a question for interlocutory appeal under Rule 308(a). The certified question involved the interpretation of Rule 215(c). After considering the arguments of counsel, the court granted the plaintiff's request. The court ultimately certified the following question: "Does the trial court have discretion to permit a Rule 215 medical examiner to testify when the attorney for the party examined has not been served with the examiner's report within the time specified by Rule 215(c)?"

¶ 13                                    ANALYSIS

¶ 14    This court granted the plaintiff's petition for interlocutory appeal under Illinois Supreme Court Rule 308 (eff. July 1, 2017) to consider the certified question. The certified question involves the construction of Illinois Supreme Court Rule 215(c). Our supreme court rules are construed according to the same principles that govern the construction of statutes. Ill. S. Ct. R. 2 (eff. July 1, 2017); 5 ILCS 70/1.01 (West 2016); *Robidoux v. Oliphant*, 201 Ill. 2d 324, 332, 775 N.E.2d 987, 992 (2002). Our primary task is to ascertain and give effect to the intent of the drafters, which is best indicated by the plain and ordinary meaning of the language in the rule. *Robidoux*, 201 Ill. 2d at 332. We will interpret a rule so that no part of it is rendered meaningless or superfluous, and we will not depart from the rule's plain language by reading into it exceptions, limitations, or conditions that conflict with the drafter's expressed intent. *Ferris, Thompson & Zweig, Ltd. v. Esposito*, 2017 IL 121297, ¶ 22, 90 N.E.3d 400. If the language of a rule is ambiguous or susceptible to more than one reasonable interpretation, we may consider the committee comments, the reason, necessity, and purpose for the rule. *Friedman v. Thorson*, 303

6

Ill. App. 3d 131, 135, 707 N.E.2d 624, 626 (1999). The construction of a supreme court rule presents a question of law which is reviewed *de novo*. *Robidoux*, 201 Ill. 2d at 332.

¶ 15 Illinois Supreme Court Rule 215 is a rule of discovery, the purpose of which is to provide an orderly procedure for the examination of civil litigants whose physical or mental condition is in controversy. Ill. S. Ct. R. 215, Committee Comments (rev. June 1, 1995). The requirements for preparation and delivery of the examiner's report are set forth in Rule 215(c) and provide as follows:

"(c) Examiner's Report. Within 21 days after the completion of the examination, the examiner shall prepare and mail or deliver to the attorneys for the party requesting the examination and the party examined duplicate originals of a written report of the examination, setting out the examiner's findings, results of all tests made, and the examiner's diagnosis and conclusions. The court may enforce compliance with this requirement. If the report is not delivered or mailed to the attorney for the party examined within the time herein specified or within any extensions or modifications thereof granted by the court, neither the examiner's report, the examiner's testimony, the examiner's findings, X-ray films, nor the results of any tests the examiner has made may be received in evidence except at the instance of the party examined or who produced the person examined. No examiner under this rule shall be considered a consultant." Ill. S. Ct. R. 215(c) (eff. Mar. 28, 2011).

¶ 16 The first sentence in Rule 215(c) clearly directs that within 21 days after the completion of the examination, the examining physician *shall prepare and mail or deliver* to the party requesting the examination *and the party examined* duplicate copies of the report. The first

7

sentence also identifies the specific contents of the examiner's report and directs examining physicians to set forth their findings, test results, diagnoses, and conclusions.

¶ 17    The second sentence in Rule 215(c) states that the trial court may enforce compliance with the requirements in the first sentence. This sentence recognizes that under our supreme court rules, generally, the circuit court is vested with discretionary authority to impose sanctions for noncompliance with its discovery orders. See Ill. S. Ct. R. 219 (eff. July 1, 2002). Illinois Supreme Court Rule 219(c) provides, in pertinent part, that when a party, or a person at the instance of a party, unreasonably fails to comply with any order entered under the supreme court rules on discovery, the circuit court may, upon motion, enter, "*in addition to remedies elsewhere specifically provided*," such orders as are just, including sanctions. (Emphasis added.) Ill. S. Ct. R. 219(c) (eff. July 1, 2002).

¶ 18    The third sentence in Rule 215(c) provides a specific remedy if the report is not delivered to the attorney for the party examined within 21 days after the examination or any extension granted by the trial court. That remedy is to prohibit the party who requested the examination from offering the examiner's testimony and report at trial. The very specific remedy in the third sentence is triggered by the failure to furnish the report within the time frame provided, or any extension or modification thereof granted by the trial court, and this remedy, by its plain language, is mandatory. See *Wehmeier v. UNR Industries, Inc.*, 213 Ill. App. 3d 6, 572 N.E.2d 320 (1991); *Harris v. Minardi*, 74 Ill. App. 2d 262, 268, 220 N.E.2d 39, 41-42 (1966) ("clear language of the Rule makes the furnishing of the report mandatory and provides the penalty that the doctor's testimony is not admissible unless made in compliance with the Rule"). Further, the third sentence contains no requirement that the party seeking the remedy must establish prejudice, and we will not depart from the plain language by reading such a condition into it.

8

¶ 19    Based on its plain language, Rule 215(c) mandates a specific remedy for failure to provide the examiner's medical report within 21 days of the examination or any extension granted by the trial court and also recognizes and preserves the circuit court's discretionary authority to impose additional sanctions for noncompliance with its discovery orders. Our interpretation of Rule 215(c) is in keeping with the principles of construction directing us to consider the plain and ordinary meaning of the language in the rule and to give each provision meaning. *Robidoux*, 201 Ill. 2d at 332. Our interpretation is also supported by the committee comments to Rule 215, which provide, in part, that "the failure to provide the attorney for the party who was examined with a copy of the examiner's report within the 21-day period specified by paragraph (c) will result in exclusion of the examiner's testimony, opinions, and the results of any tests or X-rays that were performed." Ill. S. Ct. R. 215, Committee Comments (rev. June 1, 1995).

¶ 20    The defendants have cited two cases, *Linn v. Damilano*, 303 Ill. App. 3d 600, 708 N.E.2d 533 (1999), and *Lilegdon v. Hanuska*, 85 Ill. App. 2d 262, 229 N.E.2d 314 (1967), in support of their argument that Rule 215(c) vests the trial court with discretion to refuse to bar the examiner's testimony or report for an undisputed violation of Rule 215(c). We have reviewed these cases, and find that neither addresses the specific question presented in this appeal.

¶ 21    In *Linn*, the parties, by agreement, continued to take depositions and conduct discovery well after the discovery deadline, and the defendant's examining physician reviewed medical records and deposition testimony of plaintiff's treating physicians, which came to light after the plaintiff's examination. The examining physician wrote supplemental reports based upon the additional medical information. The defendant provided the supplemental reports to the plaintiff a few days before the discovery and evidence depositions of the examining physician. The

9

plaintiff moved to bar the evidence deposition of the defendant's examining physician in its entirety because the defendant failed to timely disclose one supplemental report. The trial court granted the plaintiff's motion in part, barring the testimony with respect to the material not contained in the examining physician's original reports. Thereafter, the plaintiff appealed the award of damages. On appeal, the plaintiff argued that the defendant's failure to timely disclose the supplemental reports of its examining physician violated Illinois Supreme Court Rules 213, 215, and 218 (eff. Jan. 1, 1996), as well as the amended scheduling order, and that the trial court erred in denying the motion to bar the examining physician's testimony in its entirety. The plaintiff further argued the trial court's error resulted in prejudice requiring a new trial on damages. *Linn*, 303 Ill. App. 3d at 604. The appellate court found that the parties, by agreement, continued to take depositions after the date set for completion of discovery and that both parties ignored the trial court's efforts to provide an orderly discovery process. The appellate court concluded that the trial court properly dealt with the situation by permitting the examining physician to testify but limiting his testimony to the matters and opinions discussed in his original reports. *Linn*, 303 Ill. App. 3d at 605-06. The appellate court also determined that plaintiff failed to show that the trial court's alleged error in the admission of evidence resulted in an inadequate award of damages. *Linn*, 303 Ill. App. 3d at 606.

¶ 22     In *Linn*, the complained-of discovery violation involved the late production of a supplemental report by the examining physician, and the issue was whether the trial court erred in refusing to bar the entirety of the examining physician's deposition testimony based on that discovery violation. It appears that the appellate court considered the impact of Rules 213, 215, and 218 but proceeded to analyze the discovery violation under Rule 213. *Linn*, 303 Ill. App. 3d at 605-06. In any event, the court in *Linn* did not address the question presented here.

10

¶ 23    In *Lilegdon*, the plaintiff claimed that the trial court committed prejudicial error in permitting the defendant's examining physician to testify where the examining physician's report had not been furnished to plaintiff within the time required by Illinois Supreme Court Rule 17-1 (eff. Oct. 21, 1957). *Lilegdon*, 85 Ill. App. 2d at 271. At that time, Rule 17-1 provided that the examining physician shall deliver an original report to the attorney for the party examined within 20 days after the completion of the examination, and in no event later than 10 days before trial. Ill. Rev. Stat. 1965, ch. 110, § 101.17-1. The facts show that on February 23, 1966, Judge Schultz entered an order directing the plaintiff to submit to an examination by defendant's examining physician within 20 days. Pursuant to the order, the plaintiff was scheduled to appear for an examination on March 14, 1966. On March 4, 1966, another judge in the circuit dismissed the case for want of prosecution. On March 14, 1966, the plaintiff moved to vacate the order of dismissal, and therein noted that on March 7, 1966, she requested a 10-day delay in the examination, which was agreed to by defendant's examining physician. The dismissal order was vacated. The case was moved to the active trial calendar and subsequently called for trial on April 13, 1966. Meanwhile, the plaintiff submitted to the examination on March 24, 1966, and the defendant delivered a copy of the physician's report to the plaintiff's counsel on April 12, 1966. Thus, the report was furnished to the plaintiff's counsel within 20 days of completion of the examination but less than 10 days before trial. When the defendant called its examining physician as a witness at trial, the plaintiff objected on the ground that the report had not been provided 10 days prior to trial as required. After considering the arguments of counsel, including the mandatory or discretionary character of the rule, the dismissal of the case and subsequent reinstatement, and the lack of surprise to the plaintiff, the trial court permitted the examining

11

physician to testify. *Lilegdon*, 85 Ill. App. 2d at 272. The jury returned a verdict for the defendant, and the plaintiff appealed.

¶ 24    In *Lilegdon*, the appellate court did not engage in an analysis of the character of Rule 17-1, and made no specific finding that the specific penalty in the rule was mandatory or discretionary. The appellate court determined that "the sequence of the facts presented to the court justified the use of sound discretion by the court in determining whether the penalty for failure to comply with the time requirement should be applied." *Lilegdon*, 85 Ill. App. 2d at 272. Upholding the trial court's ruling based on the "sequence of the facts presented" suggests that the appellate court concluded that the delay in furnishing the report was attributable to the plaintiff's request to postpone the medical examination and the plaintiff's apparent lack of diligence in prosecuting the case, and therefore there was either no violation by defendant or the plaintiff was estopped from asserting a violation. *Lilegdon* is clearly distinguishable, and again, the court did not address the question before us.

¶ 25    The defendants have argued, in the alternative, that the amended case management orders entered by the trial court governed the time for disclosure of retained expert witnesses and thereby modified the time requirements of Rule 215(c). After reviewing the record, we find that this argument is without merit. We have reviewed the two amended case management orders in the record. Neither order addresses or makes reference to the Rule 215 examination. Nothing within these case management orders indicates that the trial court extended or modified the 21-day time requirement in Rule 215(c). Moreover, in the order of January 12, 2017, the trial court specifically found that Dr. Rotman's report had not been delivered to plaintiff's counsel within 21 days of the examination and that no extensions or modifications had been granted by the court.

¶ 26    In this case, there is no indication that the defendants requested an extension of time to deliver Dr. Rotman's report to the plaintiff pursuant to Illinois Supreme Court Rule 215(c) or Illinois Supreme Court Rule 183 (eff. Feb. 16, 2011). Under Rule 183, a trial court has discretion to extend the 21-day time limit, but the defendant must move for the extension and must show good cause for the extension. *Bright v. Dicke*, 166 Ill. 2d 204, 209, 652 N.E.2d 275, 277 (1995). Even after the plaintiff filed the motion to bar the examiner's report, the defendants did not request leave to tender the report out of time, and they did not assert there was good cause for the late tender of the report. Instead the defendants argued that the plaintiff did not establish prejudice as a result of the defendants' failure to comply with the time requirements of Rule 215(c). The defendants further argued that they provided a copy of the report as soon as the plaintiff's counsel raised the issue of noncompliance and that plaintiff could have avoided the prejudice complained of by accepting Schindler's offer to postpone the evidence deposition of Dr. Baak. In advancing these arguments, the defendants, rather than establishing good cause for their noncompliance, are improperly placing the onus on the plaintiff to show prejudice. Under Rule 183, the moving party bears the burden to show some independent ground of good cause for the failure to provide the report to the party examined within the time required. *Bright*, 166 Ill. 2d at 209-10. To hold otherwise would be tantamount to granting litigants a license to disregard the supreme court rules so long as the opposing parties could not show harm. *Bright*, 166 Ill. 2d at 210. The supreme court rules are not mere suggestions; they have the "force of law," and "the presumption must be that they will be obeyed and enforced as written." *Bright*, 166 Ill. 2d at 210.

¶ 27    Rule 215 is a tool of discovery. Strict enforcement of the specific time limits set forth in Rule 215(c) promotes the orderly, timely, and complete disclosure of medical information and

13

discourages gamesmanship and tactical desception. The time limits also allow all parties to rely, with some certainty, on the timely production of the examiner's report in order that all litigants can fairly conduct discovery and prepare for trial.

¶ 28                                    CONCLUSION

¶ 29    We conclude that the failure to deliver a copy of the examiner's report to the attorney for the party examined within the time specified by Rule 215(c) or within any extension or modification thereof granted by the trial court will result in the exclusion of the examiner's testimony, opinions, and the results of any tests or X-rays that were performed, except at the instance of the party examined. The plain language of the rule mandates the enforcement of a specific penalty for failing to furnish the report of the examiner within the time specified or within any extension or modification thereof granted by the trial court.

¶ 30    Turning again to the certified question on appeal, though we find that it is inartfully worded and incomplete, it essentially asks whether the trial court has discretion to permit an examining physician to testify where the examiner's report has not been mailed or delivered to the attorney for the party examined within the 21 days after completion of the examination or within any extensions or modifications granted by the court. Accordingly, our answer to the certified question, as modified, is in the negative.

¶ 31    Finally, we note that prior to the oral arguments, the plaintiff filed a motion for leave to cite as additional authority a recent case from this court, and the defendants filed a response in opposition. The motion was taken with the case and is hereby granted.

¶ 32    Certified question modified and answered; cause remanded.

¶ 33    JUSTICE WELCH, specially concurring:

14

¶ 34    I concur with the majority's decision to reverse and remanding the judgment of the Madison County circuit court. The function of a jury is to be the fact finder. The duty of a jury is to truthfully find all facts. The purpose of the Illinois Supreme Court rules is to give a structure for attorneys to follow so that the facts can be presented to the jury. Illinois Supreme Court Rule 215(c) (eff. Mar. 28, 2011), the subject of this appeal, is unlike the other supreme court rules in that it governs the conduct of nonattorneys. The language of Rule 215(c) directs the examiner, not the lawyer, to furnish their reports and opinions to counsel. The supreme court rules are written to instruct attorneys on proper procedure and lay people should not be expected to know these rules or be forced to comply with them.

¶ 35    Additionally, as the function of the trial court is to marshal the attorneys and the evidence so that the jury can fairly find all the facts, trial judges use their knowledge and experience in carrying out this function. In this case, the physician examined the plaintiff on August 15, 2016, and faxed the report to Schindler's counsel on August 31, 2016, well within 21 days as required by Rule 215(c). However, the physician failed to furnish the report to the plaintiff. The plaintiff's counsel received the report from Schindler's counsel, not the physician, on September 13, 2016, 28 days after the physician's examination, in violation of Rule 215(c). At the time the plaintiff received the report, the trial date was approximately one year away. The trial judge, in his discretion, ruled that the expert would be allowed to testify. Though the decision of trial judges in discovery orders is normally given discretion, the standard of review here is *de novo* as this is an issue of rule interpretation. The trial court stated in its order that no extension or modification of the discovery order was made. Thus, under the plain language of the rule, the expert should be barred from testifying. Had the procedure contained within the rule regarding extensions or

15

modification of the discovery order been followed, the court would have been correct in allowing the testimony and report of the expert to be used at trial.

2019 IL App (5th) 170403

NO. 5-17-0403

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

LINDA BATSON,                                          )        Appeal from the
                                                       )        Circuit Court of
      Plaintiff-Appellant,                         )        Madison County.
                                                       )
v.                                                     )        No. 13-L-1181
                                                       )
TOWNSHIP VILLAGE ASSOCIATES, LP,                       )
SUGAR CREEK REALTY, LLC, and                           )
SCHINDLER ELEVATOR CORPORATION,                        )        Honorable
                                                       )        William A. Mudge,
      Defendants-Appellees.                        )        Judge, presiding.
_____

**Opinion Filed:**        **January 7, 2019**
_____

**Justices:**        Honorable Judy L. Cates, J.

                      Honorable Melissa A. Chapman, J.,
                      Concurred
                      Honorable Thomas M. Welch, J.,
                      Specially Concurred
_____

**Attorneys**        Roy C. Dripps, Charles W. Armbruster III, Michael T. Blotevogel,
**for**              Armbruster, Dripps, Winterscheidt & Blotevogel, LLC, 51 Executive
**Appellant**     Plaza Court, Maryville, IL 62062
_____

**Attorneys**        Dan H. Ball, Randy J. Soriano, R. Bruce Duffield, Ambika Behal, Bryan
**for**              Cave LLP, 211 North Broadway, Suite 3600, St. Louis, MO 63102-
**Appellees**     2750; Donald J. Ohl, Jessica A. Brasel, Knapp, Ohl & Green, 6100
                      Center Grove Road, P.O. Box 446, Edwardsville, IL 62025
_____