2025 IL App (1st) 231573

No. 1-23-1573

Opinion filed March 28, 2025

FIFTH DIVISION

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE LAW OFFICES OF BRENDAN R. APPEL, LLC, an Illinois Limited Liability Company, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) ) | |
| v. | ) ) | No. 14 M2 000910 |
| GEORGIA'S RESTAURANT AND PANCAKE HOUSE, INC., an Illinois Corporation, and HARRY KULUBIS, | ) ) ) ) | Honorable Jeffrey L. Warnick, Judge, presiding. |
| Defendants-Appellants. | ) ) ) | |

JUSTICE MITCHELL delivered the judgment of the court, with opinion.
Justice Navarro concurred in the judgment and opinion.
Justice Oden Johnson specially concurred, with opinion.

**OPINION**

¶ 1    Plaintiff, the Law Offices of Brendan R. Appel, appeals the circuit court's dismissal of its petition for costs, expenses, and attorney fees in favor of defendants Harry Kulubis and Georgia's Restaurant and Pancake House. In a prior appeal, this court vacated the circuit court's denial of attorney fees to plaintiff and remanded the case for plaintiff to file an attorney fee petition. However, the clerk of the circuit never filed this court's mandate pursuant to Illinois Supreme Court Rule 369. Ill. S. Ct. R. 369 (eff. July 1, 1982). When plaintiff filed its attorney fee petition fourteen months after the mandate issued, the circuit court dismissed the petition for want of

prosecution. Plaintiff raises two issues on appeal: first, whether the circuit court lacked jurisdiction to decide the attorney fee petition where the clerk of the circuit court failed to file this court's mandate on remand, and second, whether the circuit court abused its discretion in deciding that plaintiff had failed to diligently pursue its petition. For the following reasons, we reverse and remand.

¶ 2                                     I. BACKGROUND

¶ 3      The parties previously came before this court in 2021 seeking review of the circuit court's ruling on attorney fees and sanctions. *Law Offices of Brendan R. Appel, LLC v. Georgia's Restaurant & Pancake House, Inc.*, 2021 IL App (1st) 192523. Our decision in the previous appeal vacated the circuit court's denial of plaintiff's request for attorney fees and remanded to allow plaintiff to file an attorney fee petition. *Id.* ¶ 59. In January 2022, the mandate issued, but the clerk of the circuit court did not file it. In March 2023, plaintiff filed its petition for costs, expenses, and attorney fees. The circuit court, *sua sponte*, ordered plaintiff to document its efforts to pursue its petition and explain why the court should not dismiss the petition for want of prosecution. Following briefing, the circuit court dismissed the attorney fee petition for want of prosecution on August 23, 2023. This timely appeal followed. Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 4                                     II. ANALYSIS

¶ 5                                     A. Jurisdiction

¶ 6      Plaintiff argues that because the circuit court clerk never filed the mandate from the prior appeal, the circuit court was never revested with jurisdiction, and as a result, its subsequent order dismissing plaintiff's petition is void. Defendant Georgia's Restaurant contends that plaintiff waived this argument. However, a party cannot waive an objection to subject-matter jurisdiction.

*Ontiveroz v. Khokhar*, 2025 IL 130316, ¶ 47.

¶ 7 Alternatively, defendant argues that jurisdiction revests in the circuit court upon issuance of the mandate, not upon filing of the mandate in the circuit court, and so the subsequent dismissal stands. Supreme court rules govern the issuance and filing of this court's mandate. Ill. S. Ct. Rs. 368 (issuance and transmittal of the mandate) (eff. Oct. 1, 2020), 369 (filing and proceedings thereafter). We review both the interpretation of supreme court rules and jurisdictional issues *de novo. In re Marriage of Arjmand*, 2024 IL 129155, ¶ 20.

¶ 8 As a case progresses, various procedural mechanisms transfer jurisdiction between the circuit, appellate, and supreme court—this court's mandate is one such mechanism. *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 527 n.4 (2001) ("A notice of appeal is a procedural device filed with the trial court, that when timely filed vests jurisdiction in the appellate court ***."); *Cooney v. Rossiter*, 2012 IL 113227, ¶ 15 (filing of a petition for leave to appeal to the Illinois Supreme Court divests the appellate court of jurisdiction); *People v. Dukes*, 146 Ill. App. 3d 790, 797 (1986) ("The mandate of the appellate court is simply the vehicle by which this court transmits its judgment to the trial court and revests the trial court with jurisdiction.").

¶ 9 Once we resolve an appeal and the appellant pursues any petitions for rehearing or for leave to appeal to the supreme court, our mandate issues and divests this court of jurisdiction. *People v. McCloskey*, 2 Ill. App. 3d 892, 898-99, *supplemented*, 2 Ill. App. 3d 892 (1971). From there, Illinois Supreme Court Rule 368 requires the clerk of this court to transmit the mandate to the circuit court, and Rule 369 requires the clerk of the circuit court to file the mandate promptly upon receipt. Ill. S. Ct. Rs. 368(a), 369(a). Taken together, the two rules should operate to "automatically" revest jurisdiction in the circuit court. *People v. Eidel*, 319 Ill. App. 3d 496, 506

(2001). This case, however, represents an anomaly: the mandate issued and was transmitted pursuant to Rule 368, but the clerk of the circuit court never filed it pursuant to Rule 369. Did the circuit court reacquire jurisdiction when the mandate issued? Or does jurisdiction depend on the circuit court clerk filing the mandate?

¶ 10    Our case law has recognized that "jurisdiction revests in the trial court when this court's mandate issues[;] *** the cause is pending in the trial court as soon as the mandate issues, regardless of whether the parties attempt to act on the mandate." *National Underground Construction Co. v. E.A. Cox Co.*, 273 Ill. App. 3d 830, 835 (1995); see also *Village of Bolingbrook v. Illinois-American Water Co.*, 2019 IL App (3d) 170478, ¶ 15; *NCD, Inc. v. Kemel*, 308 Ill. App. 3d 814, 817 (1999); *Longo v. Globe Auto Recycling, Inc.*, 318 Ill. App. 3d 1028, 1035 (2001); 4A Timothy J. Storm, Illinois Practice, Illinois Civil Litigation Guide, § 7:27 (2024) ("Rule 368 sets forth the mechanical procedure for issuance of the reviewing court mandate, which officially transfers jurisdiction of the case to the circuit court."). However, our cases are not uniform, *Bank of Viola v. Nestrick*, 94 Ill. App. 3d 511, 515 (1981) (holding that jurisdiction revests only upon filing of the mandate), and in at least one case, the legal standard seems internally inconsistent. *Hickey v. Riera*, 332 Ill. App. 3d 532, 542-43 (2001), *as modified on denial of reh'g* (June 26, 2001).

¶ 11    In resolving this tension, the Illinois Supreme Court's discussion in *PSL Realty Co. v. Granite Investment Co.* is instructive. 86 Ill. 2d 291, 305 (1981). There, the court examined whether an appellate court's judgment was effective as of the date of entry or the date the mandate issued. In doing so, the court recited the familiar definition of what a mandate is and does: "the mandate of a court of review is the transmittal of the judgment of that court to the circuit court,

and revests the circuit court with jurisdiction." *Id.* at 304-05 (collecting cases beginning in 1901).

¶ 12    Later in *PSL*, the court referred to Rule 368, requiring the appellate clerk to transmit the mandate, and rephrased its earlier statement: "*** the mandate (*the transmittal of it to the circuit court revesting that court with jurisdiction*) will issue not earlier than 21 days after the opinion is filed with the clerk." (Emphasis added.) *Id.* at 305; see also *In re Marriage of Pitulla*, 256 Ill. App. 3d 84, 88 (1993) ("The mandate of an appellate court is its judgment which, *upon transmittal* to the trial court, revests that court with jurisdiction." (Internal quotation marks omitted and emphasis added.)).

¶ 13    The terminology is duplicative—a mandate both is the transmittal of this court's judgment and must itself *be* transmitted under Rule 368—but review of appellate court records in previously resolved cases reveals that issuance and transmittal occur simultaneously. *People v. Davis*, 65 Ill. 2d 157, 161 (1976) (explaining that a court may take "judicial notice of matters of record in other cases in the same court"). Thus, *PSL*'s formulation, though *dicta*, indicates that it is the issuance of the mandate and its simultaneous transmittal to the circuit court that revests it with jurisdiction.

¶ 14    It is well-settled that the appellate court loses jurisdiction over a case when its mandate issues. *McCloskey*, 2 Ill. App. 3d at 898. Were jurisdiction to revest in the circuit court only upon filing—a ministerial act by the clerk of court—litigants subjected to administrative error would be caught in a jurisdictional "no man's land," beyond the reach of the appellate court because its mandate has issued yet unable to seek relief in the circuit court because the mandate has not been filed. Similarly, the party who did not prevail on appeal would be powerless to move to dismiss the case on remand for want of prosecution or for laches until the mandate is filed. *National Underground Construction Co.*, 273 Ill. App. 3d at 835.

¶ 15 Even absent error, there will necessarily be some lapse in time between issuance of the mandate and its filing in the circuit court. In the intervening period, circumstances may change. The parties may reach settlement or a more emergent situation could arise with respect to the subject matter of the suit. Where jurisdiction revests in the circuit court upon issuance of the mandate, the parties are able to seek circuit court intervention to address any exigencies. Consistent with *PSL*, 86 Ill. 2d at 305, the mandate in this case issued and was transmitted on January 5, 2022, and that revested the circuit court with jurisdiction.

¶ 16                                     B. Dismissal for Want of Prosecution

¶ 17 Upon receiving plaintiff's petition for attorney fees, the circuit court ordered briefing as to why it should not dismiss plaintiff's case for want of prosecution. The parties framed the issue as one of timely reinstatement under Rule 369 and almost exclusively cited cases addressing that issue. As a result, the circuit court stated in giving its ruling that "what [it] [was] really relying upon – and very strongly upon is cases that [the parties] read and both briefed." It went on to cite multiple of those same cases in announcing its decision.

¶ 18 Though the circuit court labeled its disposition a dismissal with prejudice for want of prosecution, it also, in response to the parties' briefing, appears to have construed plaintiff's attorney fee petition as a *de facto* motion to reinstate. *Panel Built, Inc. v. De Kalb County*, 2019 IL App (2d) 180334, ¶¶ 34-36 (analyzing an amended motion for sanctions as a motion to reinstate under Rule 369); *Blewitt v. Urban*, 2023 IL App (3d) 220087-U, ¶ 46, *as modified on denial of reh'g* (July 11, 2023) ("[I]t is the delay, and not the substance of the instrument seeking reinstatement, which is dispositive."). We therefore interpret the dispositive order as a denial of that motion to reinstate rather than as a dismissal for want of prosecution, particularly where the

court indicated its clear intent that the order be final by dismissing with prejudice. *Purcell & Wardrope, Chartered v. Hertz Corp.*, 279 Ill. App. 3d 16, 21 (1996) ("Section 13–217 of the Code of Civil Procedure, which governs dismissals for want of prosecution, does not allow a dismissal for want of prosecution to be with prejudice."); *cf. National Underground Const. Co.*, 273 Ill. App. 3d at 835 (declining to construe an order denying reinstatement as a dismissal for want of prosecution where dismissal for want of prosecution would trigger the parties' right to reinstate within one year, "undermining the trial court's clear intention to dismiss with prejudice"); *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 512 (2001) ("In cases of ambiguity, the orders appealed from should be interpreted in the context of the record and the situation that existed at the time of their rendition.").

¶ 19     Plaintiff argues that the circuit court erred in finding that plaintiff failed to act diligently in reinstating the case. Defendant responds that plaintiff has offered no reasonable excuse for its delay. Subsection (c) of Rule 369 "governs trial court proceedings after a remand." *Eidel*, 319 Ill. App. 3d at 505. Specifically, Rule 369(c) explains that "[w]hen the reviewing court remands the case for a new trial or hearing and the mandate is filed in the circuit court, the case shall be reinstated therein upon 10 days' notice to the adverse party." Ill. Sup. Ct. R. 369(c).

¶ 20    The remand provision does not contain an explicit time frame in which the party seeking reinstatement must act. Ill. S. Ct. R. 369(c). However, a party that prevails on appeal can lose the benefit of that victory if it does not diligently pursue the matter on remand. *Rosewood Corp. v. Fisher*, 20 Ill. App. 3d 422, 427 (1974). To assess whether an attempt to reinstate is timely under the remand provision, courts examine whether the prevailing party exercised due diligence and reinstated the case within a "reasonable period of time." *Ryan v. Kontrick*, 335 Ill. App. 3d 225,

228 (2002), *as modified on reh'g*, (Nov. 8, 2002). Due diligence requires that an untimely movant for reinstatement have a " 'reasonable excuse' " for not acting sooner. *Id.* at 228-29 (explaining that to assess diligence in the reinstatement context, courts apply case law dealing with petitions for relief from judgment under section 2-1401 of the Illinois Code of Civil Procedure) (quoting *Smith v. Airoom, Inc.*, 114 Ill.2d 209, 222 (1986)).

¶ 21    "A determination of whether reinstatement is made within a reasonable time should take into account the totality of the circumstances, in particular any reason for undue delay." *Panel Built*, 2019 IL App (2d) 180334, ¶ 34. We review a circuit court's ruling on reinstatement for abuse of discretion, *People v. NL Industries, Inc.*, 284 Ill. App. 3d 1025, 1028 (1996), which occurs only "where the circuit court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would adopt the same view as the circuit court." *Capsel v. Burwell*, 2024 IL App (3d) 230170, ¶ 24.

¶ 22    From the date the mandate issued to the date plaintiff filed its petition for attorney fees, approximately fourteen months passed. Plaintiff argues that part of its delay in acting was attributable to settlement negotiations with defendants, though defendant Georgia's Restaurant disputes that. *Panel Built*, 2019 IL App (2d) 180334, ¶ 35 (recognizing attempts to settle the case as part of the reason for undue delay). Indeed, the mandate was issued in the wake of the COVID-19 pandemic while both courts and clerks were navigating a partial return to in-person operations. The circuit court recognized, as discussed above, that it had jurisdiction when the mandate issued, but it seems to have given very little weight to the circuit court clerk's error. Instead, it assessed diligence under the remand provision purely in terms of plaintiff's efforts to secure the filing of the mandate.

¶ 23    While not jurisdictional, Rule 369 is mandatory and clearly requires the circuit court clerk to file the mandate as a prerequisite to plaintiff reinstating the case. Ill. S. Ct. R. 369(c) ("When the reviewing court remands the case for a new trial or hearing *and* the mandate is filed in the circuit court, the case shall be reinstated ***." (Emphasis added.)); *In re Custody of Sexton*, 84 Ill. 2d 312, 319 (1981) (explaining that a rule can be mandatory but not jurisdictional). The precedent relied upon below did not assess whether plaintiff acted diligently where the circuit court clerk failed to file the mandate, and we have not found any case that would attribute that oversight entirely to the plaintiff. See *Kemel*, 308 Ill. App. 3d at 818 (deciding that a party pursued a 2-1401 petition diligently where the party properly submitted a document for filing but the clerk did not actually file-stamp it because "[t]he clerical errors of the clerk of the circuit court should not deprive defendants of their right to have the case decided on the merits"); *cf. Azim v. Department of Central Management Services*, 164 Ill. App. 3d 298, 303 (1987) (explaining that "errors of ministerial officers whom the plaintiffs cannot control should not serve to deprive them of their right to appeal"); *Seith v. Chicago Sun-Times, Inc.*, 371 Ill. App. 3d 124, 132 (2007) (declining to dismiss an appeal for laches where an administrative error in the appellate court caused the delay, explaining that "[w]e will not avoid consideration of the merits of this appeal predicated upon delay caused by this court").

¶ 24    We readily acknowledge the broad discretion of the circuit court as to whether to reinstate a case. *NL Industries*, 284 Ill. App. 3d at 1028. Here, the circuit court gave the circuit court clerk's failure to file the mandate, a procedural abnormality unique to this case, insufficient weight in the totality of the circumstances. Further, the circuit court acknowledged that the delay in petitioning for attorney fees on remand did not prejudice Harry Kulubis, and Georgia's Restaurant does not

argue on appeal that it suffered any prejudice from plaintiff's delay below. *Id.* ("The prejudice to a party [under Supreme Court Rule 369(c)] is certainly part of the totality of the circumstances and should be considered by the trial court."). Considering the strong preference for resolving a case on its merits, the quandary created under Rule 369 by the clerk's failure to file the mandate, and the lack of prejudice to defendants, the court's decision not to reinstate the case was unreasonable, and we reverse. *Capsel*, 2024 IL App (3d) 230170, ¶ 24.

¶ 25                                     III. CONCLUSION

¶ 26    The judgment of the circuit court of Cook County is reversed, and the cause is remanded for proceedings on plaintiff's petition for costs, expenses, and attorney fees.

¶ 27    Reversed and remanded with directions.


¶ 28    JUSTICE ODEN JOHNSON, specially concurring:

¶ 29    While I agree with the majority's result, I disagree with the reason for the remand. Rather, I would find that the case should be reversed and remanded because this court's mandate was never filed by the clerk of the circuit court, which I believe invalidates any subsequent action taken by the circuit court for lack of jurisdiction.

¶ 30    Illinois Supreme Court Rule 368 governs the issuance, stay and recall of the mandate from the reviewing court, while Rule 369 governs the filing of the mandate in the circuit court and the proceedings thereafter.

¶ 31    Specifically, Rule 368 provides, in pertinent part:

> "(a) Issuance; Stay on Petition for Rehearing. The clerk of the reviewing court shall transmit to the circuit court the mandate of the reviewing court, with notice to the parties,

- 10 -

not earlier than 35 days after the entry of judgment unless the court orders otherwise. The timely filing of a petition for rehearing will stay the mandate until disposition of the petition unless otherwise ordered by the court. If the petition is denied, the mandate shall issue not earlier than 35 days after entry of the order denying the petition unless the court upon motion orders the time shortened or enlarged. The filing of a corrected opinion where no petition for rehearing has been filed does not extend the time for transmission of the mandate.

(b) Stay When Review by Supreme Court Is Sought. In cases in which an injunction has been modified or set aside by the Appellate Court, that court's mandate may be stayed only upon order of that court, the Supreme Court or a judge of either court. In all other cases, the mandate is stayed automatically if, before it may issue, a party who is entitled to seek review by the Supreme Court files a petition in the Supreme Court for such review. The stay is effective until the expiration of the time to seek review, and, if review is timely sought, until disposition of the case by the Supreme Court. The Supreme Court, the Appellate Court, or a judge of either court may, upon motion, order otherwise or stay the mandate upon just terms. * * *" Ill. S. Ct. R. 368(a), (b) (eff. Oct. 1, 2020).

¶ 32    Our decision in Appel I was remanded with directions and the disposition was issued on July 16, 2021. Law Offices of Brendan R. Appel, 2021 IL App (1st) 192523. However, defendant filed a PLA in the supreme court on August 20, 2021, which, according to Rule 368, stayed our mandate while the PLA was pending. The supreme court denied defendant's PLA on December 29, 2021, and our mandate subsequently issued to the clerk of the circuit court on January 5, 2022, in accordance with Rule 368.

¶ 33   Rule 369 governs the filing of the mandate in the circuit court and proceedings thereafter. It provides as follows:

"(a) Filing of Mandate. The clerk of the circuit court shall file the mandate promptly upon receiving it.

(b) Dismissal or Affirmance. When the reviewing court dismisses the appeal or affirms the judgment and the mandate is filed in the circuit court, enforcement of the judgment may be had and other proceedings may be conducted as if no appeal had been taken.

(c) Remandment. When the reviewing court remands the case for a new trial or hearing *and* the mandate is filed in the circuit court, the case shall be reinstated therein upon 10 days' notice to the adverse party." Ill. S. Ct. R. 369 (eff. July 1, 1982). (Emphasis added).

¶ 34   Here, our review of the record as well as the parties' own statements reveal that the mandate from *Appel* I, issued on January 5, 2022, was not filed by the clerk of the circuit court and to date, has not been filed. An appellate court may take judicial notice of readily verifiable facts if doing so will aid in the efficient disposition of a case. *Asher Farms Limited Partnership v. Wolsfield*, 2022 IL App (2d) 220072, ¶ 31. Such readily verifiable facts include entries on a court's docket. See *Kramer v. Ruiz*, 2021 IL App (5th) 200026, ¶ 32 n. 3. And we may take judicial notice of such records even without an explicit request. *Asher Farms*, 2022 IL App (2d) 220072, ¶ 31. Accordingly, we take judicial notice that the circuit court's online docket entries do not indicate that our prior mandate was filed, despite the language of Rule 369(a) which indicates that the clerk of the circuit court "shall" file the mandate promptly. Rule 369(c) further states that, when the

reviewing court remands the case and the mandate is filed in the circuit court that the case shall be reinstated on 10 days' notice to the adverse party.[1] Here, the answer to the parties' dispute lies in the determination of whether the language of subsection 369(a) is mandatory and whether the circuit court obtained jurisdiction under subsection 369(c) despite noncompliance with 369(a). I believe that determination requires us to interpret Supreme Court Rule 369.

¶ 35    The rules of statutory construction apply to supreme court rules. *Grossman v. Gebarowski*, 315 Ill. App. 3d 213, 220 (2000). See also Ill. S. Ct. R. 2 (eff. Oct. 1, 2021) (these rules are to be construed in accordance with the appropriate provisions of the Statute on Statutes (5 ILCS 70/0.01 *et seq*. and in accordance with the standards stated in section 1-106 of the Code of Civil Procedure (735 ILCS 5/1-106)). A primary rule of statutory construction is to ascertain the drafters' intent; in doing so, our statutory construction begins with the plain meaning of the language employed and ends when the meaning of that language is clear. *Grossman*, 315 Ill. App. 3d at 220. We will interpret a rule so that no part of it is rendered meaningless or superfluous, and we will not depart from the rule's plain language by reading into it exceptions, limitations, or conditions that conflict with the drafter's expressed intent. *Batson v. Township Village Associates, LP*, 2019 IL App (5th) 170403, ¶ 14. The construction of a supreme court rule presents a question of law which is reviewed *de novo*. *Id.*

¶ 36    It is clear that Rule 369(a) imposes an obligation on the clerk of the circuit court. The language of Rule 369(a) is clear and unambiguous: the clerk of the circuit court "shall" file the mandate promptly upon receiving it. Generally, the use of the word "shall" is regarded as indicative

---

[1]    We note the difference in cases where the appellate court affirms the circuit court's judgment or dismisses the appeal- the circuit court is permitted to proceed as if the appeal had never been filed.

of a mandatory intent. *Id.* However, the verb "shall" may also be interpreted to mean "must" or "may" depending on the context and the drafters' intent. *Id.*

¶ 37    In reviewing the issue of the effect of filing the mandate in the circuit court, we look at the context and history of Rule 369. Rule 369, amended in 1982, was a revision of and superseded section 88 of the Civil Practice Act. Section 88 of the Civil Practice Act was repealed on September 6, 1967, as part of House Bill No. 2347. 75th Ill. Gen. Assemb., House Bill 2347, 1967 Sess. Prior to its repeal, Section 88 governed the filing of the mandate in the trial court when there was a new trial or hearing, and it was adopted during the 1955 session of the General Assembly (effective January 1, 1956). It provided as follows:

"§88. Mandate of reviewing court filed in the trial court- New trial or hearing.

(1) If an appeal is dismissed, or a judgment, order or decree is affirmed, then upon the filing of the mandate of the reviewing court in the office of the clerk of the court from which the case was originally removed execution may issue and other proceedings may be had in all respects as if no appeal had been taken.

(2) If any cause is remanded for a new trial or hearing, the reviewing court shall issue its mandate reversing and remanding the cause directly to the trial court. Upon the filing of the mandate in the trial court the cause or proceeding shall be reinstated therein, upon 10 days' notice being given to the adverse party or his attorney. Service of the notice may be made upon any party personally, whether found within or without the State, or upon the attorney of record of the party in the trial court in any manner provided for service of papers upon attorneys¸ or as the trial court may direct.

(3) No new trial or hearing shall be had by reason of the reversal of any judgment, order or decree, unless the mandate is filed in the trial court within 1 year after the judgment, order or decree of the reviewing court has become final either through the denial of a petition for rehearing or the expiration of the time within which a petition for rehearing might have been filed.

(4) Other than as provided in subdivisions (2) and (3) of this section, no notice of the filing of the mandate of the reviewing court need be given, and lapse of time is not a bar to the filing of the mandate in the trial court." Ill. Rev. Stat. 110, §88 (1955).

¶ 38    When that version of section 88 was in effect, the rule did not impose the obligation of filing the mandate on anyone, it only indicated that it was to be filed with the clerk of the court and further that the mandate had to be filed within one year. Currently, Rule 369 specifically imposes the obligation on the clerk of the circuit court to file the mandate and does not specify a time limit for it to be filed. Our supreme court has previously noted that "shall" can have either a directory or mandatory meaning. *People v. Garstecki*, 234 Ill. 2d 430, 439 (2009). In *Village of Park Forest v. Fagan*, 64 Ill. 2d 264, 267-68 (1976), the supreme court held that "shall" had a directory reading when it was modified by the phrase "whenever practicable." Additionally, where the violation of the rule would cause injury to the public interest or private rights, it is mandatory rather than directory. *Id.* at 268.

¶ 39    Considering the foregoing, I would conclude that the amendment to former section 88 now codified as Rule 369 was not an empty act; the change to "shall" be filed by the clerk of the circuit court was not superfluous and the word must have some meaning. I would find that such meaning is mandatory as the violation of the rule results in injury to a private right such as what happened

in this case, as it triggers the reinstatement of a remanded case as provided for in subsection (c) and discussed further below.

¶ 40    I would therefore conclude that the filing of the mandate by the clerk of the circuit court pursuant to Rule 369 is mandatory and was violated in the case at bar. Additionally, Rule 369(c) provides that when the reviewing court remands a case *and* the mandate is filed in the circuit court, the case shall be reinstated upon 10 days' notice to the adverse party. Ill. S. Ct. R. 369(c) (eff. July 1, 1982). (Emphasis added). When this subsection is read together with subsection (a), it appears that both the remand and the filing of the mandate trigger the reinstatement of the case in the circuit court.

¶ 41    The appellate court's mandate is its judgment which, upon transmittal to the circuit court, revests that court with jurisdiction. *Village of Ringwood v. Foster*, 2013 IL App (2d) 111221, ¶ 47. The jurisdiction of the circuit court is not revived unless the case is remanded by the appellate court. *Hickey v. Riera*, 332 Ill. App. 3d 532, 543 (2001). It is the filing of the mandate from the appellate court in the circuit court that reinvests jurisdiction in the circuit court. *Id*.

¶ 42    I would reject defendant's interpretation that disregards the mandatory language of Rule 369(a) or to interpret subsection (c) in a way that allows the circuit court to disregard supreme court rules in the management of its docket. The supreme court rules are not mere suggestions; they have the force of law and the presumption must be that they will be obeyed and enforced as written. *Batson*, 2019 IL App (5th) 170403, ¶ 26. Based on the foregoing, I would conclude that because the clerk of the circuit court failed to file the mandate in accordance with the mandatory language of Rule 369(a) promptly after it was issued on January 5, 2022, as well as the continued failure to file the mandate, the circuit court was never revested with jurisdiction to take any action

on remand in this case. When the mandate of an appellate court that remands a cause is filed in the circuit court, jurisdiction is again vested in the circuit court. *Bank of Viola v. Nestrick*, 94 Ill. App. 3d 511, 514 (1981). Prior to the filing of the mandate, the circuit court has no jurisdiction in the case, absent special circumstance. *Id.* It would then follow that, if the circuit court did not have jurisdiction to take any action because the mandate was never filed and thus jurisdiction was not revested in the circuit court, the circuit court's order that dismissed plaintiff's fee petition with prejudice must be reversed and the case remanded again. I would not reach the issue of whether the circuit court's dismissal of the fee petition was proper because the court had no jurisdiction to enter it.

*The Law Offices of Brendan R. Appel, LLC v. Georgia's Restaurant and Pancake House, Inc. and Harry Kulubis*, **2025 IL App (1st) 231573**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 14 M2 000910; the Hon. Jeffrey L. Warnick, Judge, presiding. |
| **Attorney for Appellant:** | Brendan R. Appel, of the Law Offices of Brendan R. Appel, LLC of Northfield, for appellant. |
| **Attorneys for Appellee:** | Michael D. Krause and Logan N. Giaquinta, of Connolly Krause, LLC of Chicago, for appellee. |